**Angela M. PERRY, et al., Plaintiffs,**

**v.**

**CAPITOL AIR, INC., et al., Defendants.**

**Civ. No. 84–2085 HL.**

United States District Court,
D. Puerto Rico.

Dec. 10, 1986.

Jose R. Jimenez Del Valle, Hato Rey, P.R., for plaintiffs.

Francisco Bruno, Hato Rey, P.R., Shaw, Pittman, Potts & Trowbridge, Washington, D.C., for defendants.

## OPINION AND ORDER

LAFFITTE, District Judge.

The case at bar is a tort action, brought before this Court under 28 U.S.C. sect. 1332, because of the diversity of citizenship of the parties, and the fact that the amount in controversy exceeds $10,000.

Plaintiffs Angela M. Perry and John E. Perry ("the Perrys") are citizens and residents of the state of New Jersey. Defendants Linda Matienzo Carrero ("Matienzo") and Maria Silva Martinez ("Silva") are citizens and residents of the Commonwealth of Puerto Rico, and at the time of the incident at issue, were employees of defendant Capitol Air, Inc., a Tennessee corporation.

Plaintiffs filed this suit, alleging causes of action based on assault, battery, negligence, and loss of consortium, as the result of an altercation between plaintiff Angela Perry and defendants Matienzo and Silva on August 18, 1983. The Perrys claim that while preparing to board Capitol Air flight # 216 at Gate # 7 of the International Airport, Angela Perry was assaulted and battered by defendants Matienzo and Silva, and thereby sustained personal injuries. Defendants, in contrast, contend that Angela Perry became argumentative and violent upon being advised that she could not bring her carry-on package on board the plane. They aver that Angela Perry attacked defendant Matienzo, who attempted to protect herself, and that defendant Silva merely aided her coworker in subduing an irate passenger.

Defendants have filed a Motion for Summary Judgment pursuant to Rule 56(b), Fed.R.Civ.P., based upon a criminal guilty plea and conviction for assault and battery upon defendant Matienzo which was entered against Angela Perry. Defendants contend that the prior criminal proceedings bar the present civil action through principles of collateral estoppel. Plaintiffs oppose the Motion for Summary Judgment on the ground that a criminal conviction entered on a guilty plea, presents no adjudication of the underlying issues, and therefore has no estoppel effect.

Additionally, in the event that their Motion for Summary Judgment is denied, defendants Matienzo and Silva have filed a Motion to Dismiss this action for plaintiffs' refusal to attend their scheduled depositions. They have also requested alternative relief in the form of an Order (1) compelling plaintiffs to show documentary proof of the medical condition and hospitalization that purportedly prevented their attendance; and (2) directing plaintiffs to attend their depositions by a specified date.

After careful consideration of defendants' moving papers, plaintiffs' response in opposition, and relevant legal principles, this Court concludes that defendants' Motion for Summary Judgment must be DENIED. However, although we decline to dismiss this action for plaintiffs' failure to attend their scheduled depositions, we believe an Order compelling plaintiffs' future attendance is an appropriate means of preventing further delay in discovery proceedings, and of expediting resolution of this

matter. Defendants' request for a pretrial discovery order directing plaintiffs to submit to their depositions by a date certain is hereby GRANTED.

## I. FACTUAL BACKGROUND

On August 18, 1983, at approximately 12:30 p.m., plaintiffs Angela M. Perry and John E. Perry were waiting in the passenger line at Gate #7 of the International Airport located in Isla Verde, Puerto Rico. The Perrys were preparing to board Flight 216 of Capitol Air, Inc., with a final destination of New York. They were returning to the United States after a one week vacation in the Commonwealth of Puerto Rico.

Plaintiff Angela M. Perry was carrying a lamp packed in a sealed box, which she intended to bring onto the flight as "carry on" luggage, rather than checking it through as baggage. All parties concede that as Angela Perry approached the head of the line to board the plane, she was told by defendant Matienzo and/or an unidentified Capitol Air employee (designated as Jane Doe), that she could not carry the lamp onto the flight. Thereafter, there is a marked conflict in the version of the facts recounted by plaintiffs and defendants.

The plaintiffs contend that as Angela Perry turned to exit the passenger line, she was struck "across her back and buttocks with a cane or other blunt instrument and had other body contact with her hands causing personal injuries." (Complaint, paragraph 2.) When Angela Perry confronted defendant Matienzo, whom she believed to be her assailant, defendant Silva entered the fray. Plaintiffs claim that defendants Matienzo and Silva attacked Angela Perry, striking her repeatedly over various parts of her body with their hands and arms. As a result of this allegedly unprovoked assault, Angela Perry sustained physical and mental injuries requiring medical care and treatment, as well as miscellaneous pecuniary losses. Plaintiff John Perry suffered a corresponding loss of consortium, and shared in the related financial losses.

Defendants, on the other hand, assert that Angela Perry initiated the assault against defendant Matienzo when she was advised that the lamp could not be carried on board the flight, because it was too large to fit beneath the seat or in the overhead compartment. Upon seeing defendant Matienzo attacked by Angela Perry, defendant Silva allegedly rushed to defend her coworker. In support of their position, defendants cite Angela Perry's guilty plea to a charge of criminal battery upon defendant Matienzo, entered on August 18, 1983, in the Superior Court of Puerto Rico, Carolina District.

### A. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants Matienzo and Silva contend that the guilty plea and criminal conviction collaterally estop the Perrys from bringing a tort action for their alleged misconduct on August 18, 1983. They also state that because plaintiffs' claims against defendants Capitol Air, Inc., the Port Authority of Puerto Rico, and Roe Company [1] are derivative causes of action predicated on the actions of Matienzo and Silva, they too must fail as a matter of law. Defendants therefore move for summary judgment in their favor, and request dismissal of plaintiffs' complaint with prejudice.

It is plaintiffs' position that the guilty plea should not be accorded any estoppel effect, because it is not a conclusive determination arrived at through a fair and impartial trial. Instead, it was the product of a concerted effort to facilitate the resolution of the criminal case so that plaintiffs could return to the United States as soon as possible. The Perrys contend that they were subject to improvident pressures, such as a lack of funds, the need to keep their scheduled date of return to the United States, and the inability to remain in Puerto Rico for an additional two weeks—the

---

**1.** The Port Authority of Puerto Rico and the fictitious Roe Company were named as defendants under the doctrine of respondeat superior, for their purported role in employing, supervising, or otherwise controlling the actions of defendants Matienzo and Silva.

earliest time frame in which a criminal trial could take place. These factors, coupled with the fact that the amount of the fine was only $75.00, whereas bail was set at $200.00, all allegedly influenced Angela Perry to enter a guilty plea, in lieu of awaiting a criminal trial. They argue that because Angela Perry's criminal conviction was not the result of a full and fair litigation of issues, it does not constitute a true determination of culpability, and therefore, summary judgment is inappropriate.

### B. DEFENDANTS' MOTION TO DISMISS AND/OR FOR ISSUE OF A PRETRIAL DISCOVERY ORDER

We are also presented with a second motion by defendants Matienzo and Silva: a Motion to Dismiss the complaint for plaintiffs' failure to attend their scheduled depositions. At the status conference held on August 8, 1985, Magistrate Justo Arenas verbally ordered the parties to proceed with and complete discovery by December 2, 1985. In compliance with this directive, defendants served plaintiffs with a Notice of Deposition, setting their depositions for November 6, 1985, in San Juan, Puerto Rico. However, the Perrys did not attend their depositions as scheduled, but instead filed a Motion for a Protective Order in an effort to have the depositions held in New Jersey. Plaintiffs' motion was denied, and all parties were ordered to appear for deposition-taking purposes in San Juan, Puerto Rico, by Magistrate Arenas at the status conference held on December 2, 1985.

Accordingly, defendants again noticed plaintiffs' depositions for January 21, 1986, a date mutually agreed upon by all parties. On January 14, 1986, plaintiffs' attorney contacted defense counsel to request postponement of the depositions due to an asserted "scheduling conflict." Defendants' attorney acquiesced, on the condition that the newly-set date of February 25, 1986 would be the final one, and that plaintiffs would attend their depositions without fail. Nonetheless, on February 21, 1986, plaintiffs' attorney again requested rescheduling of the depositions because plaintiff Angela Perry had been admitted to a Philadelphia hospital for a tumor operation on February 21, 1986. Defense counsel had no recourse but to cancel the depositions.

Frustrated by the recurring delays and short notice of cancellation, defendants demanded proof of Angela Perry's hospitalization. She submitted an affidavit attesting that she had requested the relevant hospital records and a statement by her treating physician to document her internment and subsequent discharge on February 21, 1986. Plaintiffs indicate that those items of proof are not yet available, but will be filed with this Court as soon as they are received. Defendants point to plaintiffs' continuing failure to produce the hospital records, along with the inconsistency between plaintiffs' original statement that Angela Perry was admitted to the hospital on February 21, 1986, and her later affidavit indicating she was discharged on that date, as evidence that this is a fabricated excuse. They have moved this Court to "set a reasonable deadline for submission by plaintiffs of adequate proof of the medical reasons for Mrs. Perry's inability to attend her deposition on February 25." In the event that plaintiffs fail to come forward with such proof, defendants have asked that this matter be dismissed with prejudice pursuant to Rule .37(d) of the Federal Rules of Civil Procedure. Defendants also request an award of $2,500.00 in attorney fees and costs for the time and expenses incurred in setting, cancelling and rescheduling plaintiffs' depositions.

We turn first to defendants' Motion for Summary Judgment since, if granted, it would render defendants' Motion to Dismiss moot.

### II. DEFENDANTS MOVE FOR SUMMARY JUDGMENT ON THE GROUNDS OF COLLATERAL ESTOPPEL

In considering defendants' Motion for Summary Judgment, this Court notes that an award of summary judgment is proper only when it is shown on the pleadings and other evidence in the record that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c),

Fed.R.Civ.P. To determine whether summary judgment is appropriate, the Court must consider the record "in a light most favorable to ... the party opposing the motion." *Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962). We are therefore bound to review the issues before us in a manner which accords the benefit of the doubt to the Perrys.

Because this is a diversity action under 28 U.S.C. § 1332, we must look to the laws of the situs in which the cause of action originated for our governing legal principles. "The law to be applied in the federal courts, whether jurisdiction is premised on the presence of a federal question or on diversity, is that law that is the source of the right sued upon." *Keebler Co. v. Rovira Biscuit Corp.,* 624 F.2d 366, 371 (1st Cir.1980). Thus, this Court "must sit as a local court with respect to a determination of the relevant legal principles." *Gonzalez Y Camejo v. Sun Life Assurance Co. of Canada,* 313 F.Supp. 1011, 1013 (D.P.R. 1970); *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In keeping with this principle, 28 U.S.C. sect. 1738 requires that the federal courts endow the same measure of full faith and credit that the state court assigns to its own judicial proceedings.[2] When a federal court is presented with the prior holding of a state tribunal, it is compelled to "give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980). We must therefore examine the estoppel effect of a prior criminal conviction based on a guilty plea in the courts of the Commonwealth of Puerto Rico.

## A. PUERTO RICO GRANTS LIMITED ESTOPPEL EFFECT TO CRIMINAL GUILTY PLEAS

■ A review of Puerto Rican law indicates that the collateral estoppel effect accorded to a prior criminal conviction entered upon a defendant's guilty plea is strictly limited. It extends only to those matters which were directly put in issue and adjudicated in the criminal proceeding. *Carlo v. Secretaria De Justicia,* 107 D.P.R. 356 (1978); *Poll Sella v. Lugo Christian,* 107 D.P.R. 540 (1978).

*Toro Lugo v. Ortiz Martinez,* 105 D.P.R. 229 (1976), is a recent Puerto Rico Supreme Court case that we find particularly apposite. In *Toro,* the plaintiff was operating a motor vehicle when he collided with a truck legally parked on the side of the road. He was found guilty of negligent driving in a criminal trial, and fined $100. Thereafter, the plaintiff filed a civil suit against the owner of the truck, contending that it was improperly parked and obstructed the roadway. The truck-owner, like defendants Matienzo and Silva, filed a Motion for Summary Judgment, alleging that plaintiff's civil action was barred because the issue of negligence had already been adjudicated against the plaintiff in the criminal proceedings.

The Supreme Court of Puerto Rico rejected this argument, and refused to assign such a conclusive estoppel effect to a criminal conviction: "After a fact presenting the characteristics of fault or negligence is tried in the criminal ambit, prosecution which ended in a judgment, the civil liability arising therefrom is not pretried nor is the civil action excluded, since the previous judgment does not constitute a bar of res judicata." 105 D.P.R. at page 316. The Court ruled, however, that a prior criminal conviction and record, including the information or complaint, the judgment, and the sentence, are all admissible as prima facie evidence in a later civil action.

In *People v. Ortiz Marrero,* 106 D.P.R. 140, 144 (1977), the Commonwealth Supreme Court reaffirmed the principle of

---

**2.** "Judicial proceedings [of any court of any State] shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such state." 28 U.S.C. sect. 1738 (1976); *Huron Holding Corp. v. Lincoln Mine Operating Co.,* 312 U.S. 183, 193, 61 S.Ct. 513, 517, 85 L.Ed. 725 (1941).

*Toro Lugo*, stating that a prior judgment has a preclusive effect on subsequent litigation only "if in the adjudication of the prior case, facts which are necessarily decisive for the second [case] were clearly and directly considered and adjudged." The Court granted the defendant's Motion to Suppress illegally obtained evidence in his initial prosecution for violation of the Racing Act, 33 L.P.R.A. sect. 1211 *et seq.*, and the defendant was consequently acquitted. When the government again attempted to introduce the same tainted evidence against the defendant in a second prosecution under the "Bolitas Act," 33 L.P.R.A. sect. 1250 *et seq.*, the Court found it was collaterally estopped by the former criminal case. Its holding was predicated on the fact that "the seizure of the evidence used to incriminate the petitioners in both offenses occurred in one event not susceptible of factual or legal fragmentation. The facts that produced the evidence for both offenses were declared contrary to the rules of evidence established in our constitutional and procedural system." 106 D.P.R. at page 146.

Thus, because the issues presented in the second prosecution were in all respects identical to the facts and constitutional questions raised and adjudicated in the prior case, the Court accorded full collateral estoppel effect to the previous acquittal. This is not true of the case at bar, where none of the dispositive issues was "adjudicated," or even made the object of detailed inquiry, due to Angela Perry's entry of a guilty plea at the outset. Clearly, her expedited criminal hearing did not impart the same fact-finding process or assessment of credibility as the defendant's suppression hearing in *Ortiz Marrero*.

In *Carlo v. Secretary of Justice, supra*, the Puerto Rico Supreme Court again articulated this principle in a criminal context. It held that the defendant's previous acquittal on charges of personally transporting gambling material barred a subsequent prosecution for use of a vehicle to transport gambling material. The Court stated that "the doctrine of collateral estoppel by judgment requires that, although dealing with a different offense, a second proceeding be dismissed if facts necessarily determinant for said second proceeding have already been adjudicated in the first proceeding." 107 D.P.R. at page 398. Therefore, because the defendant's acquittal was based on a full and fair trial on the merits, it was properly accorded preclusive effect.

## B. ANGELA PERRY'S GUILTY PLEA MERITS NO COLLATERAL ESTOPPEL EFFECT

■ Applying this analysis to the case presently before us, we find that Angela Perry's guilty plea is insufficient to collaterally estop litigation of any issue in this civil action. The resolution of the previous criminal proceedings by entry of an uncontested plea, rather than through an adversarial, adjudicative trial, lacks the requisite fact-finding and evaluative character. A defendant's guilty plea cannot be deemed the equivalent of a conclusive determination of guilt by an impartial trier of fact. Given the extenuating circumstances attendant at the time of Angela Perry's criminal prosecution (e.g., lack of funds; urgency to return home; delay in obtaining a criminal trial), it is just as likely that her guilty plea was a matter of practical convenience and expediency. We therefore hold that Angela Perry's guilty plea and conviction on criminal assault charges against defendant Matienzo does not operate to collaterally estop any issue raised in the present litigation.

■ Nonetheless, in accordance with Rule 402 of the Federal Rules of Evidence,[3] we find that the criminal complaint, the guilty plea, and the record of conviction and sentencing are all admissible in the civil trial, and constitute prima facie evi-

---

**3.** "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible." Rule 402, Fed.R.Evid.

dence that plaintiff Angela Perry precipitated the assault. Plaintiffs are, of course, at liberty to adduce any admissible evidence in their possession to rebut this presumption at time of trial.

Having determined that defendants' Motion for Summary Judgment must be denied, we now turn to their pending Motion to Dismiss for plaintiffs' failure to submit to depositions.

## III. DEFENDANTS' MOVE FOR DISMISSAL FOR PLAINTIFFS' FAILURE TO ATTEND DEPOSITIONS

Rule 37(a) of the Federal Rules of Civil Procedure allows a party to apply to the forum tribunal for an order compelling compliance with discovery, including deposition testimony.[4] Subsection (d) of that statute provides that where a party fails to attend his or her own deposition after proper notice, the court may order attendance by that party, may restrict discovery, may strike pleadings, may impose sanctions, or in the case of particularly egregious conduct by a recalcitrant plaintiff, the court may dismiss the complaint.[5] Moreover, if the court determines that a party's failure to attend was without substantial justification, the court is *required* to order "the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure."[6]

In *Societe Internationale, Etc. v. Rogers*, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958), the Supreme Court set forth explicit guidelines circumscribing the power of dismissal available under Rule 37. Emphasizing that "there are constitutional limitations upon the power of courts, even in aid of their own valid processes, to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause," 357 U.S. at page 209, 78 S.Ct. at page 1094, the Supreme Court in *Rogers* reversed the district court's dismissal of the complaint for plaintiff's failure to comply with discovery requests. The plaintiff in *Rogers*, a lending institution, had failed to obey a pretrial discovery order mandating that it produce and make available for inspection nonprivileged banking records. The plaintiff demonstrated a good faith effort to obey the order, but was prevented from complying by Swiss authorities who had impounded the documents in question. The district court then dismissed the complaint on defendant's motion; a determination that the Supreme Court deemed to be a constitutional violation because it infringed upon the plaintiff's Fifth Amendment right to due process.

Since *Rogers*, this principle has become a universal maxim: all courts concur in the practice of ordering dismissal of the plaintiff's complaint for refusal to participate in discovery only *after* a plaintiff has violated an express order by the court. Once plaintiff has disobeyed an order without substantial justification, dismissal may be freely ordered. *National Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). However, until that point, dismis-

---

4. "Motion for Order Compelling Discovery. A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery." Rule 37(a), Fed.R.Civ.P.

5. "(d) Failure of Party to Attend at Own Deposition
If a party ... fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice, ... the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A) [order all matters at issue to be estab-

lished in favor of the party seeking discovery], (B) [refuse to allow the disobedient party to support or oppose designated claims], and (C) [strike pleadings or portions thereof; stay all proceedings; dismiss the action] of subdivision (b)(2) of this rule." Rule 37, Fed.R.Civ.P.

6. "In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Rule 37, Fed.R. Civ.P.

sal is an unduly harsh and inappropriate sanction. *Damiani v. Rhode Island Hospital,* 704 F.2d 12 (1st Cir.1983); *Corchado v. Puerto Rico Marine Management, Inc.,* 665 F.2d 410 (1st Cir.1981); *Affanato v. Merrill Bros.,* 547 F.2d 138 (1st Cir.1977).

■ In the case before us, no express mandate ordering the plaintiffs to submit to depositions on a date·certain has ever been given. Although Magistrate Arenas set general deadlines for completion of pretrial discovery, these directives were not made to plaintiffs in particular, and did not specifically order them to appear for deposition testimony on a designated date. The Magistrate's verbal order of December 2, 1985, did instruct all parties to coordinate and arrange the taking of plaintiffs' depositions in the "immediate future," but it did not cite a specified date. Accordingly, because plaintiffs were not at any time subject to an explicit discovery order requiring their attendance for deposition-taking purposes, dismissal of this action is not warranted.

■ Similarly, defendants' claim for $2,500.00 expended in attorneys fees and costs because of the frequent and unanticipated rescheduling of depositions must be denied. Rule 37(d) provides that the court must award such expenses against the party failing to comply with discovery requests "unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Assuming that Angela Perry's affidavit regarding her hospitalization is indeed accurate, we find that plaintiffs have shown substantial justification for their failure to attend the deposition scheduled for February 25, 1986.

Plaintiffs did not, however, profer any excuse for their failure to attend the first two scheduled depositions. In particular, they have submitted no reason for their inability to attend the depositions set for January 21, 1986, a date selected with their acquiescence and approval. The only excuse presented to the court in this regard was a statement by the defendants that plaintiffs' counsel cancelled due to a scheduling conflict. Although we find this to be poor professional conduct, which is obstructive of the discovery process, it is not egregious enough to merit an award of sanctions.

■ Because dismissal of this action would be unduly harsh, and would violate the constitutional precepts of *Rogers,* defendants' request that we strike the complaint must be denied. However, we believe a specific pretrial order, mandating plaintiffs' attendance at their depositions on or before February 1, 1987, is appropriate. In addition, plaintiffs are directed to submit proof of Angela Perry's hospitalization, in the form of hospital records and her treating physician's affidavit, to this Court and to counsel for the defendants on or before February 1, 1987. This Court realizes that the pending holidays and festivities tend to make the coming month a particularly inconvenient time for plaintiffs to travel to Puerto Rico for their depositions. Nonetheless, defendants have been endeavoring since November of 1985 to proceed with discovery, albeit unsuccessfully. Given the one-year delay and the lack of cooperation on plaintiffs' part, we do not view it as unreasonable to require them to submit to depositions within that period.

Should plaintiffs fail to comply with this Order by the specified date, we will dismiss the complaint with prejudice. They have been afforded more than ample opportunity within which to comply with the defendants' discovery requests. Moreover, our Order allows almost twice the amount of notice required by statute for the taking of deposition testimony. Therefore, we will not hesitate to dismiss this action pursuant to Rule 37, Fed.R.Civ.P., should plaintiffs again refuse or fail to attend their depositions by February 1, 1987.

## CONCLUSION

1. Defendants' Motion for Summary Judgment is hereby DENIED.

2. Defendants' Motion to Dismiss is hereby DENIED.

3. Plaintiffs are ordered to submit to the taking of their depositions in San Juan, Puerto Rico, ON OR BEFORE *February 1, 1987*. Plaintiffs are also ordered to produce the hospital records and doctor's affidavit attesting to Angela Perry's February 1986 hospitalization ON OR BEFORE *February 1, 1987*. Certified copies of those documents shall be delivered to the offices of defense counsel on or before the indicated deadline, and a corresponding copy filed with this Court.

IT IS SO ORDERED.