Clara J. **BUSCAGLIA GUILLERMETY**, et al., **Plaintiffs**

v.

Ruben A. **CANCEL GONZALEZ,** et al., **Defendants.**

Civil No. 00–2116(SEC).

United States District Court, D. Puerto Rico.

Dec. 1, 2006.

John M. Garcia-Nokonechna, Juan A. Lopez-Conway, Garcia & Fernandez, San Juan, PR, for Plaintiffs.

Robert Millan, Millan Law Office, San Juan, PR, Eduardo A. Vera-Ramirez, Landron & Vera LLP, Guaynabo, PR, for Defendants.

## OPINION AND ORDER

SALVADOR E. CASELLAS, District Judge.

Pending before the Court is Defendants' *Motion in Limine* (Docket # 190) and the opposition thereto (Docket # 196). After reviewing the filings and the applicable law, Defendants' motion will be **GRANTED.**

### Procedural and Factual Background:

On August 31st, 2000, Plaintiffs filed the instant wrongful death action against Defendants alleging that Co-defendant Ruben Cancel–González (hereinafter Cancel–González) intentionally, and without just cause, killed José Toledo Buscaglia (hereinafter Toledo–Buscaglia), causing them severe mental anguish. A criminal trial was held concurrently in the state court based on the same underlying facts. On October 17, 2002 the Court issued an order (Docket # 121) staying the case and ordering the parties to file informative motions as to the status of the criminal proceedings every 120 days. Following several status conferences and discovery disputes, on June 29, 2006, Plaintiffs filed a motion (Docket # 175) informing the Court that Cancel–González had pled guilty to the charge of homicide.

On September 20th, 2006, a Status Conference was held (Docket # 183) where Plaintiffs argued that the guilty plea established negligence and therefore the only issue remaining to be tried was the determination of damages. Defendants announced that they would be filing a *Motion in Limine* pertaining to the use of the guilty plea in the captioned case. Defendants filed said motion on October 24, 2006 (Docket # 190) and Plaintiffs filed an opposition thereto (Docket # 196). Defendants do not contend in the *Motion in Limine* that the guilty plea should not be admitted into evidence, but that this evidence does not conclusively establishes negligence and that they have the right to show its insufficiency or rebut it with other evidence. Therefore, they move for the Court to conclude that Plaintiffs must provide evidence on both the issue of negligence and damages during trial. Plaintiffs agree, and note that Defendants' motion was incorrectly referred to as a *Motion in Limine*, since the issue was "not one of elimination of evidence but of burden of proof." Docket # 196, p. 5. We agree with both. Let's see.

### Applicable law and Analysis:

■ Rule 803(22) of the Federal Rules of Evidence permits the introduction in

"[e]vidence of a final judgment, entered after a trial or upon a plea of guilty ... adjudging a person guilty of a crime punishable by ... imprisonment in excess of one year, to prove any fact essential to sustain the judgment ..." as an exception to the hearsay rule. Cancel–González pled guilty to homicide in the criminal case based on the same underlying facts to the instant case. This crime is punishable with a minimum of 3 years in prison under Art. 108 of the Puerto Rico Penal Code of 2004. Therefore, it is admissible under Rule 803(22). Cancel–González does not contend that such guilty plea would be inadmissible in Court but that it is not conclusive evidence of liability. We agree. As concluded before by this Court, "[a] guilty plea may be introduced in a subsequent civil proceeding as an admission, although this admission does not conclusively establish liability." *Gines–Vega v. Crowley American Transport, Inc.,* 178 F.R.D. 351, 355 (D.P.R.1998)(hereinafter *Gines* ). Defendants are at liberty to attempt to rebut the presumption raised by the criminal conviction "by offering whatever explanation there may be concerning either the circumstances surrounding the conviction or the underlying event ... The ultimate weight to be afforded to evidence of conviction is for the trier of fact to determine." *Gines,* 178 F.R.D. at p. 355; *see also, Perry,* 649 F.Supp. 1260, 1266 (D.P.R.1986)(hereinafter *Perry* )(holding that the party against whom the evidence was offered was "at liberty to adduce any admissible evidence in their possession to rebut this presumption at time of trial").

■ Therefore, Plaintiffs may introduce the guilty plea as evidence to prove Cancel–González's fault in the killing of Toledo Buscaglia, an element to their wrongful death action under Art. 1802 of the Puerto Rico Civil Code. *See, Hernández v. Fournier,* 80 D.P.R. 93, 96 (1957). The guilty plea and sentence of conviction are admissible and constitute *prima facie* evidence that Cancel–González willfully killed Toledo–Buscaglia. *See, Perry v. Capitol Air, Inc.,* 649 F.Supp. 1260 at p. 1266 (holding that "the guilty plea, and the record of conviction and sentencing are all admissible in the civil trial, and constitute *prima facie* evidence that ... Angela Perry precipitated the assault"). Plaintiffs can rely on this evidence and/or introduce any other evidence they see fit to prove the element of negligence, along with evidence of causation and damages. *See, Fournier,* 80 D.P.R. at p. 96. Therefore, the evidence of the guilty plea and the homicide conviction will be admissible "for what it is worth". *Gines,* 178 F.R.D. at p. 355. Defendants can then rebut Plaintiffs' evidence. The Jury shall be the ultimate trier of facts. A Trial by Jury will be held on all elements of the wrongful death cause of actions as required by Art. 1802 of the Puerto Rico Civil Code.

A **Status and Settlement Conference** is hereby set for **December 26, 2006 at 2:30 P.M.** to discuss the possibility of settlement and/or discuss any pending proceedings. A new **Case Management Order** will be issued shortly setting the new deadlines applicable to this case. Trial by jury will be set after discovery is finished.

**SO ORDERED.**