El Pueblo de Puerto Rico, demandante y apelado, *v.* José Julián Pagán Pagán, acusado y apelante.

*Número:* CR-71-32       *Resuelto:* 23 de marzo de 1972

*Pascual F. Lanauze Ortiz* y *José I. Vega Otero,* abogados del apelante; *Gilberto Gierbolini, Procurador General,* y *Roberto Armstrong, Jr., Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: José Julián Pagán Pagán fue acusado y convicto de conducir un vehículo de motor en estado de embriaguez—Sec. 5-801, Ley de Vehículos y Tránsito de Puerto Rico (9 L.P.R.A. sec. 1041). Fue convicto y sentenciado en 2 de agosto de 1968 a pagar una multa de $250, o en su defecto a cumplir un día de cárcel por cada dólar que dejare de pagar sin exceder 90 días, más la suspensión de la licencia por un año.

Apunta en apelación que la sentencia es contraria a derecho pues habiendo sido acusado de guiar descuidadamente (9 L.P.R.A. sec. 871) dicho vehículo en la misma ocasión, fue absuelto, de manera que el elemento de que el apelante conducía dicho vehículo era cosa juzgada. No tiene razón.

Los hechos del caso los resume el Procurador General correctamente, así:

"La testigo Olga Wilma Lillo Torres declaró conocer personalmente al acusado-apelante y a los familiares de éste ya que todos viven en el mismo barrio. El día de los hechos ella conducía un vehículo Vauxhall de su propiedad por la carretera de Ponce a Juana Díaz, cuando el acusado-apelante discurría por el carril izquierdo en otro vehículo y trató de introducirse en el espacio entre el vehículo de la declarante y el que le precedía, provocando con ello un choque donde hubo varios lesionados. La testigo identificó positivamente al apelante como conductor del vehículo que chocó con el de ella. El acusado-apelante se apeó del vehículo que conducía y dirigiéndose a la declarante usó lenguaje soez; despedía fuerte olor a licor y se tambaleaba. Cuando llegó la Policía, el acusado-apelante se le 'alzó' al agente y le dijo a su padre que le diera al policía el dinero que le pidiera para que éste le sirviera de testigo.

El policía Ervin Toucet investigó el caso. Dijo conocer al acusado. Al investigarlo en relación con el accidente notó despedía fuerte olor a licor. Hablaba incoherentemente y lo llevó a tomarle una muestra de sangre. Declaró que un hermano del acusado-apelante de nombre Radamés Pagán le pidió que lo pusiera a él como conductor.

Se estipuló entre el fiscal y la defensa que la muestra de sangre tomada al acusado-apelante dio .19 por ciento de alcohol por peso.

La prueba de la defensa fue al efecto de que el acusado no conducía el vehículo envuelto en el accidente relatado y que quien lo conducía era Radamés Pagán.

El juez de instancia, al apreciar la prueba creyó la del fiscal y declaró al apelante culpable del delito imputado. El día 29 de julio de 1968 fue llamado el caso para el acto de dictar sentencia, pero a moción de la defensa, la lectura de sentencia fue pospuesta para el día 2 de agosto en cuya fecha el apelante planteó que como resultado del mismo accidente, él había sido acusado de conducir temerariamente[1] el vehículo de motor envuelto, siendo enjuiciado en el Tribunal de Distrito y absuelto, por sentencia del 27 de junio de 1968.

---

"[1] 9 L.P.R.A., sec. 871, Art. 2, sec. 5-201, Ley de Vehículos y Tránsito, que en lo pertinente dispone:

'Toda persona que conduzca un vehículo de motor de manera descuidada y atolondrada, despreciando desconsideradamente los derechos y la seguridad de otras, o sin el debido cuidado y circunspección, o de una manera que ponga o pueda poner en peligro las vidas o propiedades, o que mediante el manejo negligente de un vehículo de motor causare daño a otra persona, será culpable de conducción temeraria.' "

En su defensa alegó que al absolvérsele de conducir temerariamente se adjudicó que él no conducía el vehículo envuelto en el accidente que se le imputaba. El tribunal de instancia rechazó el planteamiento y procedió a la imposición de sentencia condenando al acusado a pagar una multa de $250.00 o en su defecto cumplir un día de cárcel por cada dólar que dejare de pagar sin exceder de noventa (90) días. Decretó asimismo la suspensión de la licencia de conductor del acusado por el período de un año a partir de dicha fecha."

Es necesario añadir, sin embargo, que en el tribunal de instancia, el día 29 de julio de 1968, en el momento que se iba a dictar la sentencia, la defensa planteó la cuestión de cosa juzgada. Solicitó se citase al juez Blaimayar Ferrara con el expediente del caso visto ante él. Continuada la vista en 2 de agosto de 1968, admitió el tribunal una estipulación de las partes al efecto de que el caso de conducir descuidadamente se vio ante el juez de distrito, Hon. Juan Blaimayar Ferrara

quien se reservó el fallo, luego de visto el caso en 5 de junio de 1968. La sentencia absolutoria se dictó en este caso en 27 de junio de 1968. El tribunal permitió que el Juez Blaimayar testificara que "... Radamés Pagán ... declaró ... que él era el que venía guiando el automóvil y que no lo conducía José Julián Pagán Pagán . . . ."; que "Dentro de la discreción judicial le di el valor que ameritó ese testimonio, a los efectos de que así lo creí, así, y así pronuncié el fallo . . . ."; que "El fallo fue absolutorio en lo que respecta al acusado José J. Pagán."

La Regla 64 (f) de las de Procedimiento Criminal dispone que la moción para desestimar la acusación o la denuncia podrá basarse, entre otros fundamentos, en

"  .  .  .  .  .  .  .  .  .

(f) Que la causa, o alguna controversia esencial de la misma, es cosa juzgada. Si la moción para desestimar se basare en este fundamento, la misma expresará el nombre del tribunal, el título del caso y la fecha y lugar del *fallo anterior*." (Énfasis nuestro.)

■ De acuerdo con la doctrina expuesta en *Pueblo* v. *Lugo*, 64 D.P.R. 554, 560–561 (1945), se trata en el caso que nos ocupa de la aplicación del *estoppel* colateral pues se presenta la sentencia en el caso de conducir descuidadamente no como impedimento a la sentencia en el caso que nos ocupa sino como *estoppel* colateral sobre el principio de que la cuestión de hecho de quién conducía el vehículo fue suscitada y determinada en el caso de conducir descuidadamente de manera que no puede después disputarse entre las mismas partes. Entendemos, sin embargo, que bajo esta doctrina, y en armonía con lo que dispone el inciso (f) de la referida Regla 64, para que opere el *estoppel* colateral, la determinación de hecho ha debido hacerse en una *sentencia anterior*. *Pueblo* v. *Landmark*, 100 D.P.R. 73 (1971) ; *Ashe* v. *Swenson*, 397 U.S. 436, 442–444 (1970).

■ En este caso, el fallo de convicción se dictó en 14 de junio de 1968. La sentencia en este caso se dictó en 2 de

agosto de 1968. El fallo absolutorio en el caso de conducir descuidadamente fue dictado en 27 de junio de 1968, o sea, trece días después del fallo condenatorio en el caso ante nos. De manera que cuando el juez apreció la prueba y concluyó que el apelante manejaba el vehículo en este último caso, no se había determinado en forma alguna la cuestión de quién lo conducía al ocurrir el accidente que motivó ambas causas. En consecuencia, la subsiguiente determinación en contrario y al efecto de que no lo conducía el apelante sino que lo conducía su hermano Radamés no podía operar como *estoppel* colateral en el caso ante nos.

*Debe confirmarse la sentencia dictada en este caso por el Tribunal Superior, Sala de Ponce, en 2 de agosto de 1968.*

El Juez Presidente, Señor Negrón Fernández, no intervino.