EL PUEBLO DE PUERTO RICO, demandante y recurrido, *v.* ANGEL ORTÍZ MARRERO Y OTROS, acusados y peticionarios.

*Número:* O-76-425 *Resuelto:* 13 de septiembre de 1977

*Amalio S. Vega Miranda, Luis E. Vargas Soto* y *Héctor R. Padilla Román,* abogados de los peticionarios; *Roberto Armstrong, Jr., Procurador General Interino,* y *Maggie Correa Avilés, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

En la tarde del 3 de enero de 1975 unos agentes del orden público en gestiones oficiales en Cataño, se percataron desde un vehículo sin rotular que en el balcón de una residencia una persona entregaba a otras papeles y dinero; sospechando la realización de una transacción delictiva el agente Jaime Castro López, en unión del agente José Luis Arroyo, mantuvieron una vigilancia por aproximadamente quince minutos. Luego se acercaron y se identificaron como policías a la persona que en ese momento sostenía unas papeletas, quien soltándolas corrió hacia la parte trasera de la residencia. Inmediatamente el agente Castro corroboró que las papeletas contenían números de quinielas clandestinas y al penetrar en la casa encontró sentadas a otras dos personas cuadrando y cotejando unas listas. Ocuparon una máquina de sumar, un sobre manila conteniendo listas de quinielas clandestinas y 18 listas de bolita. Como consecuencia, contra los peticionarios se radicó una denuncia por infracción a la Ley Hípica ante el Tribunal de Distrito, y una acusación por infracción a la Ley de Bolita ante el Tribunal Superior, Sala de Bayamón.

Ventilado en sus méritos en el Tribunal de Distrito el caso por infracción a la Ley Hípica, el tribunal acogió el planteamiento de la defensa sobre supresión de evidencia y absolvió a los allí acusados.

Subsiguientemente, tras varios incidentes, los peticionarios reprodujeron la misma moción de supresión de evidencia formulada en el Tribunal de Distrito con relación a la infracción a la Ley de Bolita pendiente en el Tribunal Superior, Sala de Bayamón. En la vista al efecto se presentó como prueba de cargo el testimonio del agente Castro y los

peticionarios produjeron la resolución del Tribunal de Distrito. La ilustrada sala de instancia al denegar la supresión se fundó en las diferencias entre los hechos expuestos en la resolución del Tribunal de Distrito y los ante ella presentados. Al reiterar en reconsideración su dictamen consignó:

". . . que la determinación judicial que sobre la legalidad de la ocupación de la evidencia hizo el Juez Toro Pérez no puede operar como un impedimento colateral con relación a la de bolita, que es de la exclusiva competencia de esta Sala (Véase, 33 L.P.R.A., Sec. 1250).

El efecto de la determinación del Juez Toro Pérez se limita por ley a la exclusión de la evidencia relativa al material de quiniela, de su competencia. El Tribunal de Distrito no tiene competencia sobre la materia (bolita) que constituye una infracción a la Ley de la Bolita. Aunque la ocupación del material ocurrió en una misma transacción, la moción de supresión de evidencia no podía referirse a todo el material ocupado en la transacción."

Al recurrir los acusados en *certiorari* nos instaron a expedir el auto los siguientes planteamientos:

"A. Erró el Honorable Tribunal Superior al declarar no ha lugar la moción de Supresión de Evidencia ante su consideración, basada ésta en la irrazonabilidad del allanamiento efectuado en violación de la disposición constitucional sobre la materia y los derechos de los acusados.

B. Erró el Honorable Tribunal Superior al declarar no ha lugar la Moción de Supresión de Evidencia así como la Moción de Reconsideración por no darle aplicabilidad a la Doctrina de Cosa Juzgada y en su variante de Impedimento Colateral por Sentencia al igual que la Doctrina de Actos Propios."

Para la disposición del recurso limitaremos el análisis al segundo planteamiento relativo a la doctrina de impedimento colateral (1) (*collateral estoppel by judgment*).

---

(1) Sobre el primer planteamiento basta destacar que la Resolución del Tribunal de Distrito se convirtió en final y firme por el Estado no haberla revisado, sobre la cual, ante los hechos relatados, podrían existir criterios respetables distintos.

 El ordenamiento penal vigente reconoce en nuestra jurisdicción la doctrina de impedimento colateral por sentencia. En síntesis, la misma recoge la norma de que una sentencia resulta concluyente entre las mismas partes si versa y conlleva la relitigación en un caso posterior de las cuestiones de hechos esenciales, adjudicadas y determinadas previamente en tal sentencia: *Pueblo* v. *Pagán Pagán*, 100 D.P.R. 532 (1972); *Pueblo* v. *Landmark*, 100 D.P.R. 73 (1971). Se acepta que ello impide la ventilación de un segundo proceso y es motivo de desestimación, aun cuando se trate de un delito distinto, si dentro de la adjudicación del caso anterior, clara y directamente, se dilucidaron y resolvieron hechos necesariamente decisivos para el segundo. *Pueblo* v. *Lugo*, 64 D.P.R. 554, 559–560 (1945).

 De la relación de hechos expuesta en esta opinión, así como las contenidas en los dictámenes de los foros primarios, surge indubitadamente que la ocupación de la evidencia incriminatoria contra los peticionarios en ambos delitos ocurrió en un solo evento no susceptible de fraccionamiento fáctico ni jurídico. Los hechos que produjeron la evidencia en ambas infracciones fueron declarados contrarios a las normas evidenciarias establecidas en nuestro ordenamiento constitucional y procesal en virtud de una Resolución final y firme del Tribunal de Distrito con anterioridad a que se ventilara el asunto sobre infracción a la Ley de Bolita en el Tribunal Superior.

Diferimos del razonamiento de la sala de origen respecto a que la Sentencia del Tribunal de Distrito no puede operar como impedimento colateral por faltar el requisito de competencia. En armonía con el Art. V de la Constitución y la Ley de la Judicatura de 1952 (4 L.P.R.A. sec. 1 y ss.) el sistema judicial puertorriqueño unificado y la creación de un solo Tribunal de Primera Instancia con jurisdicción original y autoridad para actuar en todo procedimiento civil o criminal —sin que la falta de competencia sea motivo para desestimar

—implica unas consecuencias sustanciales que trascienden el simple aspecto administrativo según expusimos en *Toro Lugo v. Ortiz Martínez*, 105 D.P.R. 229 (1976), al señalar: "un sistema judicial unificado en lo concerniente a jurisdicción, funcionamiento y administración no tolera el contrasentido de que una sala deba ignorar por completo los procedimientos habidos en otra sala relativos al mismo hecho litigioso."

Resultando aplicable en el caso de autos la doctrina de impedimento colateral, *se dictará sentencia revocando la Resolución del 27 de enero de 1976 del Tribunal Superior, Sala de Bayamón, y en su lugar disponiéndose la desestimación de las acusaciones.*

El Juez Asociado Señor Rigau no intervino.