# 97 DTA 153

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL IV DE AGUADILLA Y MAYAGUEZ

JOSE RAFAEL FUENTES GONZALEZ
Demandante-Peticionario

v.

FULANO VIALIZ Y SU ESPOSA RAMONITA PEREZ LOPEZ, POR SI Y COMO PADRES DEL MENOR JOSE VIALIZ PEREZ; JOSE VIALIZ PEREZ, POR SI; JOHN DOE; RICHARD ROE Y TOM MIX
Demandados-Recurridos

Núm. KLCE-97-00229

San Juan, Puerto Rico, a 30 de junio de 1997

Panel integrado por su Presidente, el Juez Rossy García
y los Jueces Martínez Torres y Rodríguez García

Martínez Torres, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El demandante, José Rafael Fuentes González, solicita que revisemos una sentencia parcial emitida por el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Aguadilla (Hon. Ramón E. Febus Bernardini, Juez), que desestimó una reclamación por daños y pérdidas relacionadas con la propiedad en una demanda sobre daños y perjuicios presentada por el demandante bajo el fundamento de falta de jurisdicción. Dicho foro sostuvo que la controversia esgrimida en ese caso había sido anteriormente juzgada por un tribunal con jurisdicción y ante idénticas partes.

Resolvemos que la restitución concedida en un caso bajo la Sección 16-102A de la Ley de Vehículos y Tránsito no constituye cosa juzgada en una acción civil posterior, excepto en lo que se refiere a daños a la propiedad. En virtud de este principio, se modifica el dictamen recurrido para aclarar que la desestimación decretada no alcanza los demás daños reclamados.

### I
El co-demandado José Vializ Pérez fue convicto en un juicio criminal por infracción de la Sec. 5-201 de la Ley de Vehículos y Tránsito de Puerto Rico, Ley Núm. 141 del 20 de julio de 1960, según enmendada, 9 L.P.R.A. sec. 871. ▮ En la denuncia se le imputó negligencia al conducir un vehículo de motor que chocó contra el auto de José Rafael Fuentes González el 9 de julio de 1995. El referido accidente causó daños a la propiedad del demandante. El Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Aguadilla, condenó a Vializ Pérez a satisfacer al demandante la cantidad de $800 por daños al vehículo, de conformidad con la sección 16-102A de la Ley de Vehículos y Tránsito, *supra*, 9 L.P.R.A. sec. 1872(a). ▮ Además, le impuso una multa a favor del Estado Libre Asociado de Puerto Rico.

Luego de la acción criminal, el Sr. Fuentes presentó el 15 de abril de 1996 una demanda civil sobre daños y perjuicios contra Fulano Vializ y su esposa Ramonita Pérez López, por sí y como padres del menor José Vializ Pérez; José Vializ Pérez, por sí; y los co-demandados desconocidos, John Doe, Richard Roe y Tom Mix. Alegó que *"como consecuencia del accidente sufrido[,] el demandante sufrió lesiones físicas y angustias mentales y morales las cuales se estiman justamente compensables*

*en una suma no menor de $15,000".*

El 18 de octubre de 1996, la parte demandada presentó una moción de desestimación parcial. Solicitó que se desestimara la alegación de los demandantes referente a los daños a la propiedad. Dicha parte argumentó que el juicio criminal y la convicción del acusado fue por hechos identificados en tiempo y lugar con los vertidos en la demanda civil. Los demandados alegaron que la sentencia en el caso criminal había adjudicado la partida de daños materiales, por lo que el demandante estaba impedido de litigar nuevamente esa cuestión en el caso civil. Adujeron que en el procedimiento criminal, el tribunal juzgador ya había adjudicado esa reclamación, entre partes idénticas y sobre la misma controversia. El 22 de noviembre de 1996, el foro de instancia dictó sentencia parcial desestimando la demanda en cuanto a la reclamación por daños y pérdidas relacionadas con la propiedad del demandante. Dicho foro sostuvo que carecía de jurisdicción sobre la materia. Resolvió que la controversia esgrimida en ese caso había sido anteriormente juzgada por un tribunal con jurisdicción, el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Aguadilla, y ante idénticas partes en una acción criminal contra Vializ Pérez.

En consecuencia, el 12 de diciembre de 1996, el demandante-peticionario solicitó la reconsideración del referido dictamen. El 19 de diciembre de 1996, la parte demandada-recurrida presentó réplica a la referida moción. La reconsideración solicitada fue rechazada de plano.

Inconforme con el dictamen emitido por el Tribunal de Primera Instancia, la parte demandante-peticionaria interpuso el presente recurso. ■ Sostuvo, en lo pertinente, que el tribunal juzgador erró al resolver que carecía de jurisdicción sobre la materia y al desestimar su reclamación sobre daños y pérdidas materiales basándose en que la controversia había sido anteriormente juzgada por un tribunal con jurisdicción y ante idénticas partes.

El 28 de febrero de 1997, emitimos una orden para que la parte demandada-recurrida mostrara causa por la que no debíamos expedir el auto a los únicos efectos de modificar el dictamen recurrido y declarar desestimada solamente la reclamación por daños a la propiedad y no otros daños relacionados. En cumplimiento de la referida orden, el 8 de abril de 1997, la parte demandada-recurrida compareció señalando que el Tribunal de Primera Instancia estaba impedido de entender en la presente controversia, toda vez que la misma había sido resuelta anteriormente por un·tribunal con jurisdicción y ante las mismas partes. Añadió que dicha sentencia se había convertido en final y firme. Esa parte destacó que en la acción criminal el tribunal juzgador *"no tuvo limitación alguna de cuantía al imponer la pena de restitución, por lo cual debemos entender que dictó sentencia por la totalidad de los daños a la propiedad"*. Luego de examinar los hechos del caso y el derecho aplicable, determinamos modificar la sentencia recurrida, según habíamos intimado.

## II
Nuestro ordenamiento penal consagra la pena de restitución. *Vázquez v. Caraballo,* 114 D.P.R. 272, 276-277 (1983). El Artículo 49A del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 3212, dispone en lo pertinente que:

*"[e]n adición a la pena que se le imponga al convicto por el delito cometido, el tribunal podrá imponer la pena de restitución.*

*La pena de restitución consiste en la obligación impuesta al convicto por el tribunal de pagar a la parte perjudicada daños y pérdidas que le hubiere ocasionado a su persona o a su propiedad, como consecuencia de su acto delictivo. La pena de restitución no incluirá sufrimientos y angustias mentales."*

Esta disposición estatutaria fue incorporada al Código Penal mediante la Ley Núm. 111 de 4 de junio de 1980. El Artículo 49A, *supra,* sólo autoriza la compensación por pérdidas económicas tangibles. Específicamente, el artículo se limita a restituir los daños ocasionados a la propiedad del perjudicado. Mediante dicho estatuto nunca se compensarán sufrimientos ni angustias mentales.

En armonía con el citado Artículo 49A, *supra,* la sección 16-102A de la Ley de Vehículos y Tránsito, *supra,* reconoció la facultad del tribunal para condenar al pago de daños a la propiedad

durante un procedimiento de naturaleza penal instado al amparo de las disposiciones de la referida legislación. Dicha sección dispone en lo pertinente que:

*"[e]n adición a la pena que se imponga al conductor por la infracción cometida bajo las disposiciones de [la Ley de Vehículos y Tránsito], el tribunal deberá fijar una cantidad razonable para el pago de los demás daños. El pago de daños consiste en la obligación impuesta al conductor por el tribunal de pagar a la parte perjudicada una suma en compensación por los daños y pérdidas que hubiere causado a su propiedad, como consecuencia de su acto delictivo.*

*Dicho pago deberá ser fijado para ser satisfecho en dinero o la entrega de bienes equivalente a los que fueron destruidos o dañados o por pago de reparación directa de los daños. Las cantidades así pagadas o de los bienes entregados se deducirán de la suma que el tribunal pueda imponer por sentencia en caso de surgir de los hechos una demanda de daños y perjuicios. El pago de daños que autoriza esta sección no incluye daños a la persona y los sufrimientos y angustias mentales."*

La citada disposición estatutaria fue adicionada a la Ley de Vehículos y Tránsito mediante la Ley Núm. 9 del 27 de marzo de 1987. Dicha sección extiende los objetivos del Artículo 49A, *supra*, a la legislación de tránsito. El historial legislativo de la Ley Núm. 9, *supra*, aclara que esta *"pena consiste en una sanción penal independientemente de toda acción civil que pueda incoar la parte perjudicada en resarcimiento por daños y perjuicios por los mismos hechos"*. Informe sobre la evaluación legal del P. del S. 662, a la pág. 2. Véase, además, D. Neváres Muñiz, Código Penal de Puerto Rico, Instituto para el Desarrollo del Derecho, Inc., Hato Rey, 1993, a la pág. 78. De conformidad con el historial legislativo de la Ley Núm. 9, *supra*, *"el fin de la legislación es la reparación directa al perjudicado por los daños ocasionados"*. Informe Conjunto de las Comisiones de lo Jurídico, y de Transportación y Obras Públicas del Senado, de 26 de marzo de 1986, a la pág. 4.

El legislador trató de conjurar la situación de desamparo en la que quedaban muchas víctimas de colisiones de automóviles, ya que *"en la gran mayoría de los casos al culpable se le impone una multa por la violación cometida y el perjudicado queda desamparado ante la sola alternativa de radicar una acción de daños y perjuicios contra el responsable del accidente con las consecuencias que ya todos conocemos."* *Id.*, a la pág. 2. Añadió el legislador:

*"Es conocid[a] de todos la preocupación de la comunidad puertorriqueña por la falta de un sistema para compensar a todo ciudadano que sufre pérdidas a su propiedad debido a la negligencia de parte de muchos conductores que transitan sus vehículos en las carreteras de Puerto Rico. Una gran mayoría de los ciudadanos son privados temporal o permanentemente de sus vehículos de motor sin ser compensados por las pérdidas económicas que ocasiona esta situación. En la mayoría de los casos, el accidente es ocasionado por un conductor negligente, insolvente y sin seguro. Las compañías de seguro estiman que únicamente el 33 por ciento de los vehículos registrados en Puerto Rico están asegurados."*

*Id.*, pág. 3. ■

Bajo esta disposición estatutaria, el perjudicado sólo podrá recibir compensación por *"los daños y pérdidas que hubiere causado a su propiedad"* el acto delictivo. Dicho estatuto no compensa sufrimientos ni angustias mentales.

### III

La doctrina de cosa juzgada *(res judicata)* es de tradición civilista. *Acevedo v. Western Digital Caribe, Inc.,* 140 D.P.R. ___ (1996), **96 J.T.S. 42**, a la pág. 880; *Ramos González v. Félix Medina*, 121 D.P.R. 312, 326 (1988); *Lausell Marxuach v. Díaz de Yáñez*, 103 D.P.R. 533, 535 (1975). El Artículo 1204 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 3343, incorporó en nuestra jurisdicción la citada doctrina jurídica. Dispone en lo pertinente que:

*"[c]ontra la presunción de que la cosa juzgada es verdad, sólo será eficaz la sentencia ganada en juicio de revisión."*

*"Para que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso*

*resuelto por la sentencia y aquél en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron".*

Véase, además, Art. 421 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 1793; Manresa, *Comentarios al Código Civil Español,* T. VIII, Vol. 2, 6ta ed., Reus, Madrid, 1967, a las págs. 285-319.

De la referida disposición estatutaria surge que la defensa de *res judicata* sólo se configura cuando concurren cuatro identidades: cosas, causas, personas y representación. *Worldwide Food Dis., Inc. v. Colón et al.,* 133 D.P.R. ___ (1993), **93 J.T.S. 114,** a la pág. 10966; *A. & P. Gen. Contractors v. Asoc. Caná,* 110 D.P.R. 753, 761-762 (1981); *Pagán Hernández v. U.P.R.,* 107 D.P.R. 720, 732 (1978); *Bolker v. Tribunal Superior,* 82 D.P.R. 816, 824 (1961).

En *A & P. Gen. Contractors v. Asoc. Caná, supra,* a las págs. 762-763, y en *Daubón Belaval v. Srio. de Hacienda,* 106 D.P.R. 400, 407 (1977), el Tribunal Supremo de Puerto Rico reconoció la doctrina del impedimento colateral por sentencia como una modalidad de la cosa juzgada. Véase, además, *Pueblo v. Ortiz Marrero,* 106 D.P.R. 140, 143 (1977). Esta modalidad se activa *"cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y se determina por una sentencia válida y final, pues tal determinación es concluyente en un segundo pleito entre las mismas partes aunque estén envueltas causas de acción distintas". Rodríguez Rodríguez v. Colberg Comas,* 131 D.P.R. ___ (1992), **92 J.T.S. 102,** a la pág. 9796. Véanse, además, *Acevedo v. Western Digital Caribe, supra,* a la pág. 880; *Worldwide Food Dis., Inc., supra,* a la pág. 10968, nota 4; *Pueblo v. Pagán, Ortiz,* 130 D.P.R. ___ (1992), **92 J.T.S. 56,** a la pág. 9483; *A. & P. Gen. Contractors v. Asoc. Caná, supra,* a la pág. 762; *Capó Sánchez v. Srio. de Hacienda,* 92 D.P.R. 837, 838-839 (1965); *Pereira v. Hernández,* 83 D.P.R. 160, 166, nota 7 (1961).

La defensa de cosa juzgada *"está fundada en consideraciones de orden público y necesidad". Worldwide Food Dis., Inc., supra,* a la pág. 10966; *Pérez v. Bauzá,* 83 D.P.R. 220, 225 (1961). El propósito medular que persigue la aplicación de la defensa de *res judicata,* así como su modalidad de impedimento colateral por sentencia, es ponerle fin a los litigios, evitar que se eternicen las cuestiones judiciales y que se someta en dos ocasiones a un ciudadano a las molestias que supone litigar la misma causa. *Vázquez v. ARPE,* 128 D.P.R. ___ (1991), **91 J.T.S. 53,** a la pág. 8661; *Pérez v. Bauzá, supra; Pagán Hernández v. U.P.R., supra,* a la pág. 732; *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 (1979). Por otro lado, nuestro ordenamiento interesa *"promover la economía judicial y administrativa al evitar litigios innecesarios y evitar decisiones inconsistentes". Rodríguez Rodríguez v. Colberg Comas, supra,* a la pág. 9795; *A. & P. Gen. Contractors v. Asoc. Caná, Supra,* a la pág. 761.

A tales efectos, Manresa explica que:

*"[p]or cosa juzgada se entiende lo ya resuelto por fallo firme de un Juez o Tribunal competente, y lleva en sí la firmeza de su irrevocabilidad."*

Indica, también, el respeto debido a lo fallado y la autoridad que resolvió:

............................................

*"[E]l fundamento de la cosa juzgada no está en una pretensión de infalibilidad en el juzgador, ni menos en el intento de ocultar sus errores, sino que se encuentra en la esencia misma de la resolución judicial, que no merecería tal nombre ni tendría fuerza y resultado, si no se fortaleciera de ese modo. Es por tanto, una consecuencia directa de la autoridad necesaria al fallo y, en un orden eminentemente práctico, tiene el fundamento indiscutible de que sin esa fuerza atribuida a lo juzgado, los pleitos nunca tendrían fin." Manresa, supra,* a las págs. 278-279. La doctrina de *res judicata* está permeada de alto interés público. *Bolker, supra,* a la pág. 832.

## IV

Como es sabido, las acciones civiles y penales son independientes y separadas. Véase, Artículo 56 del Código Penal, *supra,* sec. 3261; *Toro Lugo v. Ortiz Martínez,* 105 D.P.R. 229, 237 (1976). ■ Es

por ello que la imposición de la pena de restitución en un procedimiento criminal --como ocurrió en el caso de epígrafe-- no impide que la parte agraviada inste una acción de daños y perjuicios separada, reclamando la totalidad de los daños ocasionados por un mismo acto delictivo. El efecto del pago de la pena de restitución en una acción civil de daños sufridos por los mismos hechos, *"no impide recobrar los otros perjuicios sufridos en exceso de dicha suma, incluyendo daños físicos y a la propiedad". Informe Conjunto, supra,* a la pág. 3.

El fallo dictado en un caso criminal no constituye cosa juzgada en una acción civil posterior. El fundamento de esta norma es la independencia de ambas acciones. Véase, Artículo 56 del Código Penal, *supra*; Toro Lugo, *supra*. Cada una requiere un *quántum* de prueba diferente. En Toro Lugo, *supra*, a las págs. 233-235, el Tribunal Supremo de Puerto Rico señaló que:

*"[l]a reconocida "independencia" atribuida a ambas acciones se refiere principalmente al resultado final como impedimento de res judicata, pero no hace una acción tan extraña a la otra que excluya de la acción civil la presentación en evidencia del pliego acusatorio, fallo y sentencia obtenidos en la causa criminal. La parte para quien resulte adversa dicha prueba tiene derecho a alegar su insuficiencia o a controvertirla con otra evidencia y el juzgador hará su propia estimación de la prueba que podrá o no coincidir con la apreciación de la misma en el juicio criminal.*

*Conocido en la esfera criminal un hecho que reviste los caracteres de culpa o negligencia, a cuya causa se puso término con sentencia, no queda prejuzgada la responsabilidad civil que del mismo pueda derivarse, ni excluido el pleito civil, toda vez que la anterior sentencia no constituye obstáculo de cosa juzgada. No obstante, puede el juzgador de la causa civil admitir en evidencia dichos documentos y hacer su propia apreciación de toda la prueba dirigida por la premisa fundamental de que, ante la diversa naturaleza y finalidad de las acciones que se ejercitan en una causa criminal y en un juicio civil, y la esencial diferencia del grado de culpa o negligencia requerido para sostener un fallo en una y otra, así como los variados factores que pesan en el veredicto cuando el caso se ha visto ante jurado, se impone una nueva e independiente estimación de toda la prueba a la luz de distintas valoraciones jurídicas."*

El Artículo 49A, *supra*, y la sección 16-102A, *supra*, no pretenden compensar todos los daños causados. Los referidos preceptos tampoco prohíben la radicación futura de una demanda de daños y perjuicios. La sanción en concepto de pena de restitución no constituye cosa juzgada en cuanto a la totalidad de los daños. Sólo constituirá impedimento de *res judicata* aquella partida concedida como pena de restitución. De esa forma, la víctima no podrá cobrar dos veces una misma partida.

Surge del expediente que la actuación del co-demandado-recurrido Vializ Pérez, además de constituir un delito, provocó daños a la persona y a la propiedad del demandante-peticionario. Es por ello que Vializ Pérez podía ser juzgado por el delito y, además, podía ser condenado civilmente al resarcimiento de daños y perjuicios con independencia del resultado de la acción penal.

El juzgador de los hechos en el procedimiento criminal condenó a Vializ Pérez al pago de una pena de restitución de conformidad con la sección 16-102A, *supra*. En la acción de naturaleza civil instada posteriormente por los mismos hechos, el demandante-peticionario Fuentes González solicitó el resarcimiento de todos los daños ocasionados. Como vimos, la parte agraviada tiene un derecho reconocido al ejercicio de tal acción. La pena de restitución impuesta a Vializ Pérez por el Tribunal de Primera Instancia al amparo de la sección 16-102A, *supra*, sólo le permitió a la parte perjudicada recibir el pago por los "daños y pérdidas" que le hubiere ocasionado a su propiedad el acto delictivo. Dicha sección no autoriza el pago de "daños a la persona y los sufrimientos y angustias mentales". En consecuencia, la referida pena de restitución no adjudicó la totalidad de los daños. Corresponde al foro de instancia examinar la prueba ofrecida por las partes, adjudicar la partida correspondiente a los daños sufridos por la parte demandante-peticionaria y deducir aquella suma que el tribunal juzgador impuso por sentencia como pena de restitución en el caso penal anterior. Esta última partida constituye *res judicata* para la parte demandante-peticionaria en este caso.

Con estos antecedentes, concluimos que el tribunal juzgador sólo podía desestimar la reclamación por daños al automóvil del demandante-peticionario Fuentes González, y no otros daños relacionados.

## IV

Por los fundamentos antes expuestos, se expide el auto de *certiorari* y se modifica el dictamen recurrido a fin de aclarar que sólo ha sido adjudicada en forma final y firme la partida por daños al vehículo propiedad del demandante-peticionario, y no otros daños relacionados. Así modificado, se confirma el dictamen recurrido y se devuelve el caso al Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Aguadilla, para la continuación de los procedimientos de conformidad con lo aquí resuelto.

Lo acordó y ordena el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 97 DTA 153

**1.** Esta sección dispone en lo pertinente que:

*"[t]oda persona que condujere un vehículo con voluntario o malicioso desprecio por la seguridad de personas o propiedades será culpable de conducir temerariamente e incurrirá en delito menos grave y convicta que fuere se le castigará con una multa no menor de cien (100) dólares ni mayor de quinientos (500) dólares o cárcel por un término no menor de un mes ni mayor de seis (6) meses, o ambas penas a discreción del Tribunal".*

**2.** De estos casos, la parte demandada sólo ha satisfecho la cantidad de $500.

**3.** La *"sentencia"* emitida en instancia no cumple con lo dispuesto en la Regla 43.5 de las de Procedimiento Civil. *Asociación de Propietarios v. Santa Bárbara Co.,* 112 D.P.R. 33 (1982). Por ello, mediante resolución de 28 de febrero de 1997, consideramos el recurso como uno de *certiorari.*

**4.** Para contribuir aún más a conjurar este problema, la Asamblea Legislativa aprobó la Ley Núm. 253 de 27 de diciembre de 1995, 26 L.P.R.A. sec. 8051 y ss., que establece un sistema de seguro compulsorio de responsabilidad pública para todo vehículo de motor.

**5.** En este caso, el Tribunal Supremo de Puerto Rico interpretó el Artículo 2 del Código de Enjuiciamiento Civil de 1933, 32 L.P.R.A. sec. 2. El referido artículo disponía en lo pertinente que *"[c]uando la violación de un derecho permita el ejercicio de ambas acciones, la civil y la criminal, el derecho de ejercer la una no impide el derecho de ejercer la otra".* Dicho artículo fue derogado por las Reglas de Procedimiento Civil de Puerto Rico de 1979, 32 L.P.R.A Ap. III. No obstante, el caso no ha sido revocado. Por los fundamentos que se expresan en la sentencia, entendemos que el mismo tiene pertinencia a los hechos que nos ocupan.