ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| COOPERATIVA DE AHORRO Y CRÉDITO ROOSEVELT ROADS<br><br>APELANTE<br><br>V.<br><br>MILAGROS BÁEZ VELÁZQUEZ<br><br>APELADA | KLAN202400861 | *Apelación*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo |
| | | Civil Núm.:<br>LO2024CV00053 |
| | | SOBRE:<br>Cobro de dinero |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez

Salgado Schwarz, Carlos G., Juez Ponente

## S E N T E N C I A

En San Juan, Puerto Rico, a 21 de octubre de 2024.

Comparece ante nos la Cooperativa de Ahorro y Crédito Roosevelt Roads ("Cooperativa" o "Apelante"), quien nos solicita que revisemos la Sentencia emitida el 20 de agosto de 2024 por el Tribunal de Primera Instancia, Sala Superior de Río Grande ("TPI" o "foro recurrido")[1]. Mediante dicha Sentencia, el TPI desestimó, sin perjuicio la Demanda de epígrafe.

-I-

A continuación, exponemos los hechos pertinentes ante nuestra consideración.

La señora Milagros Báez Velázquez ("Sra. Báez" o "Apelada") tomó un préstamo personal por la cantidad de $30,924.00 por el cual suscribió un pagaré el 15 de julio

---

[1] La Orden de Traslado emitida por la Sala de Carolina señala que el caso sería trasladado al Tribunal de Fajardo. Sin embargo, tanto la Sentencia emitida el 20 de agosto de 2024 en la que se desestima sin perjuicio la Demanda, como la Orden del 26 de agosto de 2024 declarando No Ha Lugar la Moción de Reconsideración, indican que provienen de la Sala Superior de Río Grande. Ahora bien, la Orden emitida el 30 de agosto de 2024 declarando No Ha Lugar la segunda Moción de Reconsideración, indica que proviene de la Sala Superior de Fajardo.

Número Identificador

SEN2024_____

de 2022 a favor de la Cooperativa.[2] Según se desprende de los autos del caso, la Sra. Báez adeuda la suma de $27,322.25 en concepto de principal, intereses y recargos más una suma de $5,283.92 por el pago de costas, gastos y honorarios de abogados.[3] Así las cosas, el 5 de marzo de 2024, la Cooperativa le envió a la Apelada una reclamación extrajudicial.[4] Ante la ausencia de pago, el 1 de abril de 2024 la Cooperativa presentó una *Demanda*[5] en cobro de dinero contra la Sra. Báez. El 2 de abril de 2024, Secretaría expidió el emplazamiento.[6] El 28 de mayo de 2024, la Cooperativa presentó una *Moción en Solicitud de Autorización para Emplazar por Edicto*[7]. El 28 de mayo de 2024[8], el Hon. Ismael Álvarez Burgos del Tribunal de Primera Instancia, Sala Superior de Carolina, emitió una *Orden de Traslado*[9] a la Sala Superior de Fajardo.

Así las cosas, el 19 de agosto de 2024, la Apelante presentó una *Moción Reiterando Solicitud de Autorización para Emplazar por Edicto*[10]. Sin embargo, el TPI entendió que el plazo para emplazar había vencido el 2 de agosto de 2024 y, por no obrar en el expediente el emplazamiento diligenciado, procedió a dicta *Sentencia*[11] el 20 de agosto de 2024 desestimando sin perjuicio la Demanda. Inconforme, el 26 de agosto de 2024, la Cooperativa presentó una *Moción en Reconsideración de Sentencia y Reiterando Solicitud de Emplazamiento por Edicto*[12]. En

---

[2] Véase Apéndice I del recurso apelativo.
[3] Véase Anejos I y II del recurso apelativo.
[4] Véase Anejo III del recurso apelativo.
[5] Véase Anejo V del recurso apelativo.
[6] Véase Anejo VI del recurso apelativo.
[7] Véase Apéndice VII del recurso apelativo. Además, véase Entrada #3 del *Sistema Unificado de Manejo y Administración de Casos* (SUMAC).
[8] Notificada el 29 de mayo de 2024. Véase Apéndice VIII del recurso apelativo.
[9] Véase Apéndice IX del recurso apelativo.
[10] Véase Apéndice X del recurso apelativo.
[11] Véase Apéndice XI del recurso apelativo.
[12] Véase Apéndice XII del recurso apelativo.

esa ocasión, reiteró los esfuerzos que hizo la Emplazadora para dar con el paradero de la Sra. Báez y se reafirmó en que la solicitud de autorización para emplazar por edicto fue presentada dentro del término de 120 días. Dicha moción fue declarada sin lugar mediante *Orden*[13] emitida el 26 de agosto de 2024. Inconforme, el 29 de agosto de 2024 la Apelante presentó una *Segunda Moción Reconsideración de Sentencia y Reiterando Solicitud de Emplazamiento por Edicto*[14]. El 30 de agosto de 2024, el TPI emitió una *Orden*[15] declarando **No Ha Lugar** la segunda moción solicitando reconsideración.

-II-

**A. Emplazamiento**

El emplazamiento de una parte es el paso inicial del debido proceso de ley que permite al tribunal adjudicar los derechos de un demandado.[16] Para que el tribunal adquiera jurisdicción *in personam* sobre una parte, es indispensable que el demandado sea notificado adecuadamente de la demanda en su contra.[17] El método de notificación del emplazamiento debe ser uno que ofrezca una probabilidad razonable de informarle al demandado sobre la acción entablada en su contra y permitirle comparecer a defenderse.[18] De ordinario, el método más apropiado para efectuar el emplazamiento sobre una parte es el diligenciamiento personal.[19] El diligenciamiento personal del emplazamiento se rige por la Regla 4.4 de Procedimiento Civil. Dicha regla dispone, en lo pertinente, lo siguiente:

---

[13] Véase Apéndice XIII del recurso apelativo.
[14] Véase Apéndice XIV del recurso apelativo.
[15] Véase Apéndice XV del recurso apelativo.
[16] *Álvarez v. Arias*, 156 DPR 352, 365-366 (2002).
[17] *Riego Zúñiga v. Líneas Aéreas LACSA*, 139 DPR 509, 515 (1995).
[18] *Quiñones Román v. Cía. ABC*, 152 DPR 367, 374 (2000).
[19] *León v. Rest. El Tropical*, 154 DPR 249, 258 (2001).

> El emplazamiento y la demanda se diligenciarán conjuntamente. Al entregar la copia de la demanda y del emplazamiento, ya sea mediante su entrega física a la parte demandada o haciéndolas accesibles en su inmediata presencia, la persona que lo diligencie hará constar al dorso de la copia del emplazamiento sobre su firma, la fecha, el lugar, el modo de la entrega y el nombre de la persona a quien se hizo la entrega.[20]

El inciso (a) de esta regla establece que el emplazamiento a una persona mayor de edad se diligencia "*entregando copia del emplazamiento y de la demanda, a ella personalmente o a un(a) agente autorizado(a) por ella o designado(a) por ley para recibir un emplazamiento*"[21] Los requisitos que dispone esta Regla son de estricto cumplimiento.[22] Esto es así debido a que el acto del emplazamiento está atado al concepto de jurisdicción sobre la persona y la falta de diligenciamiento del emplazamiento (personal o por edictos) priva al tribunal de jurisdicción sobre la persona e invalida cualquier sentencia en su contra.[23] Si no se cumplen cabalmente estos requisitos, el emplazamiento es ineficaz y el tribunal no adquiere jurisdicción sobre la persona del demandado.[24]

En cuanto al término para diligenciar el emplazamiento, la Regla 4.3 (c) de Procedimiento Civil dispone lo siguiente:

> El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo

---

[20] 32 LPRA Ap. V, R. 4.4.
[21] 32 LPRA Ap. V, R. 4.4 (a).
[22] *Quiñones Román v. Cía. ABC*, *supra*, págs. 374.
[23] *Acosta v. ABC, Inc.*, 142 DPR 927, 931 (1997).
[24] *First Bank of P.R. v. Inmob. Nac., Inc.*, 144 DPR 901, 913 (1998).

tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos.[25]

A su vez, la Regla 4.7 de Procedimiento Civil establece que la persona que diligencie el emplazamiento presentará en el tribunal la constancia de haberlo hecho a la persona demandada dentro del plazo concedido.[26] No obstante, cuando el emplazamiento no puede ser razonablemente diligenciado por la vía personal, nuestro ordenamiento permite que la parte demandada sea emplazada mediante la publicación de un edicto, si se cumplen con los requisitos para ello.[27] A esos efectos, la Regla 4.6 (a) de Procedimiento Civil permite el emplazamiento de una persona por medio de edictos en tales circunstancias:

> […]esté fuera de Puerto Rico, o que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes, o se oculte para no ser emplazada…, y así se compruebe a satisfacción del tribunal mediante declaración jurada que exprese dichas diligencias, y aparezca también de dicha declaración, o de la demanda presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito[…][28]

Por lo tanto, para que proceda dictar una orden de emplazamiento por edictos es necesario que la parte demandante especifique mediante una declaración jurada

---

[25] 32 LPRA Ap. V, R. 4.3 (c).
[26] 32 LPRA Ap. V, R. 4.7.
[27] *Rivera v. Jaume*, 157 DPR 562, 575-576 (2002).
[28] 32 LPRA Ap. V, R. 4.6 (a); *Íd.*

las diligencias realizadas para emplazar a la parte demandada.

### B. Competencia Judicial

Las disposiciones generales sobre jurisdicción, competencia y el traslado de casos en las distintas Salas del Tribunal General de Justicia en asuntos de naturaleza civil se rigen por las Reglas 3.1 a 3.4 de Procedimiento Civil.[29] A esos efectos, la Regla 3.2 dispone lo siguiente:

> Todo pleito se presentará en la sala que corresponda según lo dispuesto por ley y por estas reglas, pero no se desestimará ningún caso por razón de haberse sometido a una sala sin competencia.
> Todo pleito podrá tramitarse en la sala en que se presente por convenio de las partes y la anuencia fundamentada del juez o jueza que presida dicha sala en ese momento. De lo contrario, será transferido por orden del juez o jueza a la sala correspondiente.[30]

Cónsono con lo anterior, nuestra jurisprudencia define la competencia como la forma y manera en que se organiza y canaliza el ejercicio de la jurisdicción que posee un tribunal.[31] En esencia, las reglas de competencia establecen la tramitación ordenada de los asuntos judiciales dentro de nuestro sistema de jurisdicción unificada.[32] El fin que se busca alcanzar con las reglas de competencia, igual que con las de traslado, es promover *"la mejor distribución de los casos y asuntos a través del sistema, procurando así una más eficiente utilización de los recursos y velando más cabalmente porque se haga justicia."*[33] No obstante, bajo

---

[29] 32 LPRA Ap. V R. 3.1-3.4; *Rodríguez v. Cingular*, 160 DPR 167, 172-173 (2003).
[30] 32 LPRA Ap. V, R. 3.2.
[31] *Lemar S.E. v. Vargas Rosado*, 130 DPR 203, 207 (1992).
[32] *Rodríguez v. Cingular*, supra, pág. 172; *Lemar S.E. v. Vargas Rosado*, supra, pág. 207.
[33] *Vives Vázquez v. ELA* 142 DPR 117, 130 (1996).

el diseño constitucional de un sistema judicial unificado, la radicación de un asunto en una sala de distinta competencia no priva a dicho foro de jurisdicción, es decir, la falta de competencia no es defensa válida para la desestimación de la acción.[34]

-III-

En el caso de autos, Secretaría expidió el emplazamiento el 2 de abril de 2024. Por lo tanto, la Apelante tenía hasta el 31 de julio de 2024 para diligenciar el emplazamiento. Entre los meses de abril y mayo de 2024, la Sra. Sandra Texeira Rodríguez, Emplazadora, llevó a cabo múltiples esfuerzos a fin de dar con el paradero de la Apelada, sin embargo, estos resultaron infructuosos. Conforme con lo anterior, el 28 de mayo de 2024, la Apelante presentó una moción solicitando autorización para emplazar por edicto y anejó la declaración jurada de la Emplazadora acreditando los esfuerzos realizados para emplazar a la Sra. Báez en persona. Cabe señalar que dicha moción fue presentada en la Sala de Carolina. Al día siguiente, sin haber atendido la moción, el tribunal notificó una Orden informando que el caso había sido trasladado al Tribunal de Fajardo, por razón de competencia. Una vez en la Sala de Fajardo, y ante una moción por parte de la Apelante reiterando la solicitud de autorización para emplazar por edicto, el tribunal informó que el término para diligenciar el emplazamiento había vencido el 2 de agosto de 2024, por lo que procedía la desestimación sin perjuicio de la causa de acción.

---

[34] *Gómez Hnos., Inc.* v. *Tribunal Superior*, 100 DPR 625, 628 (1972); Pueblo v. Tribunal Superior, 84 DPR 140, 146 (1961); *Pueblo v. Ortiz Marrero*, 106 DPR 140, 143-144 (1977).

De los autos del caso surge que la Apelante presentó su solicitud de autorización para emplazar por edicto dentro del término de 120 días que dispone la Regla 4.3 de Procedimiento Civil, *supra*. Sin bien es cierto que el caso fue trasladado a la Sala de Fajardo, donde la Apelante reiteró su solicitud para emplazar por edicto, dicho trámite no puede resultar en la desestimación del caso. Bajo el sistema judicial puertorriqueño se creó un solo Tribunal de Primera Instancia con jurisdicción original y autoridad para actuar en todo procedimiento civil o criminal, sin que la falta de competencia sea motivo para desestimar.[35] Además, el Tribunal Supremo ha sido enfático en que la falta de competencia no es defensa para la desestimación de la causa de acción, más aún cuando la Apelante presentó su solicitud dentro del término dispuesto y fundamentada, según es requerido. Por lo tanto, le corresponde a la Sala de Fajardo atender la solicitud presentada. Resolver lo contrario redundaría en un fracaso de la justicia.

-IV-

Por los fundamentos que anteceden, se **revoca** la Sentencia recurrida y se devuelve al foro de origen para que proceda conforme a derecho.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*

---

[35] *Pueblo v. Ortiz Marrero*, supra, pág. 143.