VICENTE RIVERA PÉREZ, ETC., ET ALS., demandantes y recurridos, *v.* MIGUEL CARLO AYMAT, demandado y recurrente.

*Número:* R-75-117     *Resuelto:* 10 de marzo de 1976

*Enrique Báez García,* abogado del recurrente; *Ramos & Riera,* abogado de los recurridos.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

El recurrente Carlo Aymat era dueño de un caballo de muy poca alzada del que se valía su capataz como medio alterno de una guagua para trasladarse de su casa a la finca de ganadería de su patrono. Un domingo el capataz le cedió el uso del pequeño caballo a su hijo quien se dirigió al parque atlético del barrio. Allí se encontró con jóvenes a quienes les ofreció o de alguna manera insinuó que podían dar una carrera en el caballito, si era de su agrado. El joven Melvin Velázquez Torres quiso montarlo y tuvo tal dificultad con las piernas que no llegó a acomodarse en la silla resultando que al arrancar el caballo y resbalar en el asfalto, cayó sobre el cuerpo del jinete quien falleció poco después.

█ Por entender que no hubo "culpa" de la víctima, la sala de instancia halló responsable al dueño del animal y le condenó a indemnizar en $27,500.00 a los familiares del occiso, sentencia contra la cual recurrió el demandado. Habiéndose elevado la transcripción de la evidencia oral y un escrito de los demandantes recurridos oponiéndose a la revisión, nos hallamos en conocimiento de la posición de ambas partes y en aptitud de expedir el auto y decidir de consuno. (Regla 50 del Reglamento.) (1)

---

(1) Regla 50, Reglamento del Tribunal Supremo.

"En situaciones no previstas por este Reglamento el Tribunal encauzará el trámite en la forma que a su juicio sirva los mejores intereses de todas las partes.

"Queda reservada la facultad del Tribunal para en casos apropiados prescindir de términos, escritos o procedimientos específicos en orden al más justo y eficiente despacho del caso."

■ Declara y manda el Art. 1805 del Código Civil (31 L.P.R.A. sec. 5144) que el poseedor de un animal, o el que se sirve de él, es responsable de los perjuicios que causare, aunque se le escape o extravíe; y que sólo cesará esta responsabilidad en el caso de que el daño proviniera de fuerza mayor o de culpa del que lo hubiese sufrido.

■ Para resolver este caso no es necesario desmenuzar las variadas proyecciones de responsabilidad llamada sin culpa, de causalidad o de riesgo jurídico, que al propietario o usuario de todo animal impone dicho artículo por falta de vigilancia o en la mala elección, es decir *in vigilando* o *in eligendo*, toda vez que los hechos ubican la controversia dentro de una de sus dos excepciones: culpa del que sufrió el daño. En el contexto del Art. 1805 la voz "culpa" no siempre tiene una connotación activa censurable. Incluye el consentimiento a una situación que si bien se inicia como inocua e irreprochable tendrá luego un desenlace lesivo para quien consintió a ella.

El causante de los demandantes era un joven de catorce años, de normal desarrollo intelectivo que ya honraba la obligación de ganar su sustento como trabajador agrícola. De las determinaciones de instancia, sostenidas por la prueba cuya transcripción hemos leído, surge que usando su discernimiento tomó la libre decisión de probar el caballo. Su acto es análogo al del viandante que irrumpe voluntariamente a cruzar frente a un vehículo sin tiempo para ganar la acera opuesta. En uno y otro caso el individuo se somete a consecuencias imponderables.

■ Cuando el daño tiene su origen en acto voluntario del que lo sufre se rompe el vínculo causal entre el poseedor y su animal, y en tal caso deberá situarse a la víctima justo al comienzo del nexo por haber desencadenado con sus actos la secuencia fijadora de responsabilidad. Por presentar este caso como elemento dominante en la relación de per-

sonas el consentimiento de la víctima que la prueba muestra intachable, ya que no fue contrario a prohibición legal o a las buenas costumbres o ineficaz por razón otra alguna, la antijuricidad queda excluida según la vieja máxima que reitera Puig Brutau, de *volenti non fit iniuria*. *Fundamentos de Derecho Civil*, Tomo 2, Vol. 2, ed. 1956, pág. 673 y ss.; Castán Tobeñas, *Derecho Civil*, Tomo 4, Novena Edición (1961), pág. 860. Colin y Capitant, al comentar el Art. 1385 del Código Civil Francés, concordante del 1805, aun cuando desprovisto de las excepciones que el nuestro predica en fuerza mayor o culpa del perjudicado, afirman que el demandado podrá librarse de responsabilidad probando "que el hecho le es extraño, la culpa de la víctima o de un tercero, o también el caso fortuito que haya producido el accidente." *Op. cit., Derecho Civil*, Tomo 3°, Cuarta Edición, (1960), pág. 828. *Revocada.*

El Juez Asociado Señor Negrón García concurre en el resultado sin opinión.