**Helen B. SMITH, et al., Plaintiffs,**

v.

**WILLIAMS HOSPITALITY MANAGEMENT CORPORATION, Condado Plaza Hotel & Casino, et al., Defendants–Third Party Plaintiffs,**

v.

**Mac GOMEZ and Perla Gomez, et al.**

**Civil No. 94–1407(SEC).**

United States District Court, D. Puerto Rico.

Dec. 20, 1996.

Frank Pola, Jr., Hato Rey, PR, for Helen B. Smith, Joan Phillips.

Ivan M. Fernandez, San Juan, PR, for Williams Hospitality Management, Condado Plaza Hotel and Casino, Continental Insurance Company.

Rene Pinto–Lugo, Dario Rivera–Carrasquillo, Pinto–Lugo & Rivera, San Juan, PR, for Lexington Insurance Company.

## OPINION AND ORDER

CASELLAS, District Judge.

Pending before the Court is a motion for summary judgment filed by third party defendants Mac and Perla Gomez and the conjugal partnership constituted by both. (**Docket # 68**) Third party plaintiff Lexington Insurance Company has filed an opposition. (**Docket # 82**) Upon careful scrutiny of the parties' arguments and the applicable law, third party defendants' motion is **GRANTED.**

**Factual Background**

The decedent Holly Phillips and Rosalba Gomez were schoolmates at San Marino High School in San Gabriel, California, as well as close friends. In 1993, the parents of Rosalba Gomez, Mac and Perla Gomez, invited Holly, then fifteen years old, to accompany them on a Caribbean Cruise. Holly obtained her mother and grandmother's consent and agreed to go. On April 2, 1993 the Gomez family and Holly arrived to San Juan, Puerto Rico and checked into the Condado Plaza Hotel. Mac and Perla Gomez and their son stayed in room number 209 and Holly, Rosalba Gomez and her sister stayed in room number 207.

In the afternoon of April 3, 1993, Mac and Perla Gomez returned to the hotel, accompanied by their son Armando Javier Gomez, and met with Holly and their daughters Rosalba and Nancy Gomez in the pool area. Mac and Perla Gomez conferred briefly with the children and agreed that they would get

changed and meet again to have dinner. (Deposition of Nancy Gomez, p. 34, lines 13–25)

Holly, Rosalba and Nancy stayed pool side, while Mac and Perla Gomez and their son Armando Javier returned to the hotel room. On the evening of April 3, 1993, Holly left the pool side area, apparently annoyed by a male teenager who sought to engage her in conversation. (Docket # 80, Exhibit 3, p. 35–37; docket # 78, Nancy Gomez Deposition, p. 38, lines 2–25, p. 39, lines 3–25). Shortly thereafter, Holly collided with a glass panel located on the balcony of the second floor which faced the swimming pool area in the Ocean Wing of the Condado Plaza Hotel. (Plaintiffs' Second Amended Complaint) Said glass panel was non-safety glass. As a result of this accident, Holly suffered cuts and lacerations to her legs and hands, which required emergency medical treatment and stitches by a plastic surgeon.

After the trip to Puerto Rico, Holly Phillips returned to Camas, Washington, and continued her treatment at Kaiser Medical Foundation. After receiving treatment she returned to her grandmother's house to finish her school semester in California. On the evening of February 12, 1994, Holly Phillips, who had recently acquired her driver's license, was involved in an automobile accident, when she failed to manage a left-hand curve in a narrow country road. According to the testimony of several witnesses and the police sergeant who conducted the investigation of the accident, Holly Phillips was not wearing a seat belt at the time of the accident. (Docket # 84, Tina Goodnight's Deposition, Exhibit 5, p. 14, lines 1–14). As a result of the accident, Holly's body was pinned inside the car, which led to her eventual death by asphyxia. (Docket # 84, Deposition of Garry Alex, p. 16, lines 18–25). Holly's friend and passenger, Kimberly Kester, who was wearing a seat belt, survived the accident with minor injuries. (Docket # 80, Deposition of Sergeant Anthony Barnes, p. 52, lines 12–25, p. 53, lines 1–8). The police officer also determined that the speed of the vehicle was the main cause of the accident. Id. p. 45, lines 1–25.

Plaintiffs filed the present complaint alleging that defendants' failed to: maintain in a public area of the Hotel a glass wall with incomplete mounting; maintain in a public area of the Hotel a glass wall with lack of signs, or warning, or horizontal divisions; maintain in a public area of the Hotel shatter-proof glass panels, failed to warn of the unreasonably unsafe premises in the Hotel. (Plaintiffs' Second Amended Complaint, ¶ 23). Plaintiffs argue that such negligent maintenance led to Holly's injuries to her right hand, and which ten months later, led to her loss of control of her car in Washington and her eventual death.

Defendants filed a third-party complaint against third-party defendants, claiming that Mac and Perla Gomez failed to properly supervise Holly Phillips, a minor under their care and custody and that such negligent supervision was a contributing cause to plaintiffs' injuries.

### Applicable Law/Analysis

Article 1802 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 5141, states:

A person who by an act or omission causes damage to another person through fault or negligence shall be obliged to repair the damage so done. Concurrent imprudence of the party aggrieved does not exempt from liability, but entails a reduction of the indemnity.

Pursuant to this law plaintiffs must establish a prima facie claim by showing: 1) an act or omission constituting fault or negligence; 2) damages; and 3) a causal connection between the defendant's tortious conduct and the injuries sustained by plaintiff. *Sociedad de Gananciales v. Gonzalez Padin*, 117 D.P.R. 94, 106 (1986).

Consequent to this standard, an act or omission constitutes fault or negligence where the defendants had a duty of care to act, and failed to respond as reasonable and prudent men would have in similar circumstances. *Jimenez v. Pelegrina Espinet*, 112 D.P.R. 700, 704 (1982). Defendants are not liable unless plaintiffs prove that if they had acted as reasonable and prudent men, the damages incurred would have been avoided. Id. This element of causation precludes the

imposition of absolute or objective responsibility, the premise being that a negligent tort feasor is not an insurer. *Estremera v. Inmobiliaria*, 109 D.P.R. 852, 856 (1980).

Third party defendants argue that they did not have a legal duty to directly supervise Ms. Holly Phillips. Third party defendants claim that they do not have a duty of supervision or *in vigilando*, pursuant to the doctrine of vicarious liability, Puerto Rico, Puerto Rico Civil Code Art. 1803; 31 L.P.R.A. § 5142. Said statute reads, in pertinent part:

The obligation imposed by section 5141 of this title is demandable, not only for personal acts and omissions, but also for those of the persons for whom they should be responsible. The father, and, in the event of his death or incapacitation, the mother, is liable for the damage caused by the minor children living with them.

Guardians are liable for the damages caused by minors or incapacitated persons who are under their authority and live with them

... masters or directors of arts and trades are liable for the damages caused by their pupils or apprentices while they are under their custody.

The liability referred to in this section shall cease when the liable persons mentioned therein prove that they employed all the diligence of a good father of a family to preclude the damages.

Third party plaintiffs argue that defendants Mac and Perla Gomez are liable for damages incurred by Holly Phillips since they were acting as guardians for the minor at the time of the accident and, that their failure to properly supervise Holly Phillips led to her accident. Upon review of the applicable law, the Court is uncertain whether the abovementioned statute applies to third party defendants, since Holly Phillips was not a minor who was under their authority and lived with them. The Supreme Court has interpreted this statute restrictively. *Torres Perez v. Medina Torres*, 113 D.P.R.

72, 76 (1982) ("the enumeration of the entities held liable pursuant to the statute is taxative.") Ironically, third party plaintiffs may have invoked the statute directly against Holly Phillips's mother and grandmother, since she lived with them as a minor.

██ However, we need not decide whether the statute applies to the third party defendants, since even assuming *arguendo* that Mac and Perla Gomez had a duty of *in vigilando* towards Holly, nothing in the record of this case can plausibly suggest that they were derelict in their supervision of Holly Phillips.

As noted by the Gomez defendants, young children are not subject to the same level of reasonable conduct expected from adults. *Torres Perez v. Medina Torres*, 113 D.P.R. 75. However, it would be unreasonable for this Court to expect Mac and Perla Gomez to follow fifteen year old Holly Phillips's footsteps, lest she suffer any mishap.[1] This is not a case where the Gomez family let Ms. Phillips wander alone through San Juan's dark streets, or even let her engage in some reckless activity, like playing around on a balcony rail. Rather, this seems like a minor incident of teenage courtship gone awry. The Court cannot expect Mac and Perla Gomez to monitor every conversation or even inquire about any unpleasant situation which may have befallen Ms. Phillips during the day of her accident. We note that defendants Mac and Perla Gomez gave instructions to their daughters and Holly not to abandon the Hotel, which they obeyed. (Deposition of Rosalba Gomez, p. 37, lines 21–25).

Since we do not find that third party defendants violated any duty of care which may have contributed to Holly Phillips' injury, and thus were not negligent, liability may not be imposed upon them pursuant to Articles 1802 and/or 1803 of the Puerto Rico Civil Code. Accordingly, third party defendants' motion to dismiss is **GRANTED**. **(Docket**

---

1. Two of the cases which the parties use to underscore the difference between the conduct of children and adults involved a four-year old and a nine-year old, respectively. See *Torres Perez v. Medina Torres*, 113 D.P.R. at 75; *Torres Trumbull v. Pesquera*, 97 D.P.R. 338, 347–348 (1969). In the present case, there is no evidence to suggest that Holly Phillips, a bright fifteen-year old, was incapable of behaving properly in a hotel without adult supervision, or that she behaved irresponsibly prior to the accident. (Rosalba Gomez's deposition, p. 32–35).

# 68). Partial judgment shall follow accordingly.

**SO ORDERED.**