Lydia Gines **VEGA, et al., Plaintiffs,**

v.

**CROWLEY AMERICAN TRANSPORT, INC., et al., Defendants.**

**Nos. Civ. 96–1638(SEC), 97–1415(SEC), 96–2002(SEC), and 97–1492(SEC).**

United States District Court, D. Puerto Rico.

March 12, 1998.

Jorge Ortíz–Brunet, Ortíz Toro & Ortíz Brunet, María C. Carrión, Irizarry, Otero & López, San Juan, PR, Benny F. Cerezo, Rio Piedras, PR, for Plaintiffs.

Sam D. Delich, Glynn, Delich & Wise, San Francisco, CA, Pedro J. Córdova–Pelegrina, Jimenez, Graffam & Lausell, Enrique Peral–Soler, San Juan, PR, Roberto J. Alfonso–Rivera, Rio Piedras, PR, for Defendants.

### OPINION AND ORDER

CASELLAS, District Judge.

This case is before the Court on plaintiffs' separate motions for summary judgment (**Docket #52, 59 and 81**), which were duly opposed (**Docket #62; 83**). On April 19, 1996, Nivardo Marrero Colón ("Marrero") was driving a Mack Truck, property of defendant Transporte Barceloneta, which was hauling a trailer property of defendant, Crowley American Transport, when he collided with a Nissan Classic driven by María Ginés Vega. As a result of the accident, four people lost their lives and one was severely injured. Shortly thereafter, on October 7, 1996, Marrero pled guilty and was convicted of four counts of involuntary manslaughter, and sentenced to six years in prison.[1] Plaintiffs essentially contend that Marrero's guilty plea as to four counts of involuntary manslaughter should be admissible as prima facie evidence of defendants' negligence in the instant case; and that summary judgment

should therefore, be entered as to the liability question. Defendants counter that such evidence is not admissible, and that in the event that it is, it should not be deemed conclusive of the liability question. Upon careful examination of the relevant facts, the applicable law and the arguments advanced by both parties, the Court finds that although such evidence is admissible in the instant case, it cannot be deemed conclusive of defendants' liability. Thus, plaintiffs' motions are hereby **DENIED.**

**Summary Judgment Standard**

The First Circuit has recently noted that:

[s]ummary judgment is a means of determining whether a trial is actually required. It is appropriately granted when the record shows that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Thus, in order to defeat a properly crafted summary judgment motion, the party opposing it must demonstrate that a trialworthy issue looms as to a fact which could potentially affect the outcome of the suit.

*Serapion v. Martinez,* 119 F.3d 982 (1st Cir. 1997). *See also McCarthy v. Northwest Airlines, Inc.,* 56 F.3d 313, 315 (1st Cir.1995).

In determining whether to grant a summary judgment, the Court may not weigh the evidence. *Casas Office Machines, Inc. v. Mita Copystar America, Inc.,* 42 F.3d 668 (1st Cir.1994). Summary judgment "admits of no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails." *Id. citing Greenburg v. Puerto Rico Maritime Shipping Authority,* 835 F.2d 932, 936 (1st Cir.1987). Accordingly, if the facts permit more than one reasonable inference, the court on summary judgment may not adopt the inference least favorable to the non-moving party. *Casas Office Machines,* 42 F.3d at 684.

Notwithstanding the foregoing, the mere existence of a factual dispute is seldom enough to defeat summary judgment. *United Structures of America, Inc. v. G.R.G. Engineering, S.E.,* 927 F.Supp. 556, 560

---

1. He was nevertheless, granted probation for the maximum period of his sentence.

(D.P.R.1996). In those cases where there are factual disputes, summary judgment will be deemed proper if the unresolved facts are not genuine and material to the resolution of the case. *Corporacion Insular de Seguros v. Reyes Munoz*, 849 F.Supp. 126, 132 (D.P.R. 1994). For a dispute to be "genuine", "the factual controversy 'must be sufficiently open-ended to permit a rational factfinder to resolve the issue in favor of either side'." *Lynne Woods–Leber v. Hyatt Hotels of Puerto Rico Inc.*, 124 F.3d 47 (1st Cir.1997). *See also U.S. v. One Parcel of Real Property*, 960 F.2d 200, 204 (1st Cir.1992); *Boston Athletic Assn. v. Sullivan*, 867 F.2d 22, 24 (1st Cir. 1989). By like token. "material" means that the fact is one that might affect the outcome of the suit under the governing law. *Morris v. Government Development Bank of Puerto Rico*, 27 F.3d 746, 748 (1st Cir.1994).

■ Furthermore, "[on] issues where the nonmovant bears the ultimate burden of proof at trial, he may not defeat a motion for summary judgment by relying upon evidence that is 'merely colorable' or 'not significantly probative.'" *Pagano v. Frank*, 983 F.2d 343, 347 (1st Cir.1993), *referring to Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). "To the contrary, the nonmovant must 'present definite, competent evidence to rebut the motion'." *Pagano*, 983 F.2d at 347, *referring to Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir.1991), *cert. denied*, 504 U.S. 985, 112 S.Ct. 2965, 119 L.Ed.2d 586 (1992). Thus, where the non-movant fails to present evidence that is more than merely colorable, summary judgment will be granted in favor of the movant. *See, e.g., Medina–Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990).

Based on the preceding standard, we must examine the facts, as presented by the parties, to determine whether there are any genuine issues of material fact involved. We find that there are.

### Applicable Law/Analysis

■ Plaintiffs argue that Marrero's conviction is admissible under both Rule 804(b)(3) and Rule 803(22) of the Federal Rules of Evidence. Rule 804(b)(3) provides that statements against the declarant's interest (such as a plea of guilty) are admissible as exceptions to the hearsay rule if the declarant is unavailable as a witness. Rule 803(22), on the other hand, states that "[e]vidence of a final judgment, entered after trial or upon a plea of guilty ..., adjudging a person guilty of a crime punishable by death or imprisonment in excess of one year, [is admissible] to prove any fact essential to sustain the judgment." Since Marrero was sentenced to six years after he pleaded guilty of all four counts, his plea should, according to plaintiffs, be admissible as "prima facie evidence of the existence of negligence."

Given that such evidence is admissible, plaintiffs contend that the owner of the Mack truck driven by Marrero, as well as the owner of the trailer which the Mack truck hauled, should be held liable for Marrero's negligence, pursuant to section 13–101 of the Vehicle and Traffic Law, 9 L.P.R.A. § 1751; and Article 1803 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5142. Section 13–101 of the Vehicle and Traffic Law holds that the registered owner of a motor vehicle is liable for the damages and losses caused as a result of the guilt or negligence of the person operating the vehicle, as long as that person has obtained possession of the vehicle through the express or tacit consent of its owner. Article 1803 of the Civil Code, on the other hand, holds employers responsible for the negligent acts or omissions of their employees. In the instant case, Marrero, an employee of defendant Transporte Barceloneta d/b/a José A. Tort Beauchamp, had defendant's express authorization to drive the truck; thus, according to plaintiffs, the latter must be held liable for the damages caused through Marrero's negligence. As to Crowley American Transport, Inc., the owner of the trailer which the Mack truck was hauling at the time of the accident, plaintiffs contend that Section 13–101 also applies to it.[2]

In their opposition to these motions, defendants argue that the plea is not admissible; and that in the event that it is, the question

2. Plaintiffs additionally contend that PRAICO, defendant's insurer, and José Tort's conjugal partnership, are jointly and severally liable for Marrero's negligence.

of negligence is still in controversy, and thus summary judgment is not warranted at this stage of the proceedings.

Defendants contend that they were not parties in the criminal proceeding against Marrero, and thus, did not have a chance to litigate and defend the issues currently before the Court. In addition thereto, they argue that Marrero is not a party to the instant case because plaintiffs chose not to sue him; thus, the guilty plea would not be an admission of a party to this case, and should not be admissible under Rule 801(d)(2).

Moreover, defendants argue that the guilty plea should not be admissible under Rule 804(b)(3) because there is no evidence that may even tend to suggest that Marrero is unavailable to testify at trial, and this hearsay exception is only applicable when the declarant is unavailable. Finally, defendants maintain that the guilty plea cannot be admissible under Rule 803(22) because first, defendants were not a party to the guilty plea; and second, the rule is meant to address felony offenses, and not misdemeanors.

In the alternative, defendants aver that in the case that previous convictions and/or guilty pleas are admitted, the ultimate weight to be afforded to the evidence of conviction is for the trier of fact to determine. "Not only is the previous conviction not conclusive on liability," defendants argue, "but the party against whom the guilty plea is being offered into evidence is entitled to explain the circumstances surrounding the conviction." According to defendants, this entitlement is of great importance in the instant case, where both Marrero's negligence and plaintiffs' comparative negligence are disputed questions of material fact.

We agree with defendants' contention that the plea would be inadmissible under both Rule 801(d)(2) (because Marrero is not the party against whom the statement is being brought); or 804(b)(3) (because Marrero is

not unavailable to testify). Nevertheless, we believe that the plea should be admissible under Rule 803(22) because this Rule applies to pleas of guilty "adjudging a person guilty of a crime punishable by death or imprisonment in excess of one year," and Marrero was sentenced to six years total. Although involuntary manslaughter is normally punishable by imprisonment for a one (1) year term, should there be aggravating circumstances, the fixed penalty can be increased to a maximum of three (3) years, which we assume is what the sentencing court attempted to do.[3]

To admit the evidence is not, however, to render it conclusive of the question of liability. " '[A] guilty plea may be . . . introduced in a subsequent civil proceeding as an admission,' although 'this admission does not conclusively establish liability'." *Hinshaw v. Keith,* 645 F.Supp. 180, 182 (D.Maine 1986), *referring to McCormick v. United States,* 539 F.Supp. 1179, 1183 (D.Colo.1982).[4] Rather, once the evidence is admitted, "[t]he party against whom the evidence is offered, who frequently will but need not be the person against whom the judgment of conviction was entered, may attempt to rebut such evidence by offering whatever explanation there may be concerning either the circumstances surrounding the conviction or the underlying event... The ultimate weight to be afforded to evidence of conviction is for the trier of fact to determine." Michael H. Graham, *Federal Practice and Procedure* § 6773, at 492 (1997). Thus, based on the foregoing, we shall admit the guilty plea, but only for what it is worth. Defendants shall have an opportunity to rebut such evidence in due time. Plaintiffs' summary judgment motions (**Docket #52, 59 and 81**) are hereby **DENIED.**

**SO ORDERED.**

---

**3.** The judgment does not specify the reasons why the Court sentenced defendant for a total of six (6) years.

**4.** *See also First National Bank of Louisville v. Lustig,* 832 F.Supp. 1058, 1064 (E.D.La.1993),

reversed on other grounds in 96 F.3d 1554 (5th Cir.1996) ("Rule 803(22) does not make the prior conviction conclusive evidence of the facts determined in the first action, but, instead, allows the party to offer an explanation").