Lopez, J.
BACKGROUND
This is a products liability action in which the Plaintiff, Ashley Myers Robinson (“Ashley"), a minor, alleges that the negligent design of a water heater manufactured by the Defendant Rheem Manufacturing Company (“Rheem”) was the proximate cause of scalding injuries she suffered. Rheem has filed a motion for summary judgment. For the reasons given below, the motion is allowed.
UNDISPUTED FACTS
The record, viewed as it must be in the light most favorable to the Plaintiff, establishes that Ashley was born on August 4, 1994. At all relevant times, Ashley lived with her mother, Nandora Myers (“Myers”), in an apartment located at 152 Garfield Street, Hyde Park, Massachusetts. On January 4, 1995, Myers left Ashley and her two other minor children in the care of her ex-boyfriend Mark Brown (“Brown”), who lived in Myers’s apartment, from 11 o’clock in the morning *428 until four o’clock in the afternoon. Shortly after returning home, Myers discovered that Ashley was severely burned on the right side of her body.
That same day, Brown was charged by the police with (1) assault and battery with a dangerous weapon (hot water); (2) assault and battery on a child under fourteen; and (3) mayhem. On February 7, 1996, Brown pleaded guilty to all three charges. In so doing, he admitted that he deliberately injured Ashley by holding her for a substantial period of time in scalding water in a sink in the apartment’s second-floor bathroom. Brown is serving a sentence of seven to ten years at the Massachusetts Correctional Institute at Cedar Junction, with five years of probation to follow.
The water heater that served the plumbing fixtures in Myers’s apartment was manufactured by Rheem, and was installed in the basement of the apartment by the Boston Housing Authority in late 1987 or early 1988.
APPLICABLE LAW
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commr of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party which does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991). Once the party moving for summary judgment has shown that there is no genuine issue of material fact, the burden is then upon the opposing party to respond and allege specific facts showing that there is a genuine triable issue. John B. Deary, Inc. v. Crane, 4 Mass.App.Ct. 719, 722 (1976).
DISCUSSION
Pursuant to Massachusetts law, a manufacturer may not be held liable for the criminal misuse of its product. The deliberate misuse of a product is a complete defense to a claim of negligent design. Bolduc v. Colt’s Manufacturing Co., Inc., 968 F.Sup. 16, 18 (D.Mass. 1997) (applying Massachusetts law). In Bolduc, the plaintiffs decedent deliberately pointed a gun at his own head, pulled the trigger, and killed himself. The plaintiff alleged that the decedent did so accidentally, thinking that the pistol was not loaded because the ammunition clip was missing. The plaintiff further alleged that the pistol was negligently designed because it should have been equipped with a device that prevented its firing when the clip was out. The court granted summary judgment. The court reasoned that the decedent’s conduct was “a far different case from where a person is injured by a defective product while using it in a reasonably careful and proper way.” Id.
Bolduc cites Venezia v. Miller Brewing Co., 626 F.2d 188 (1st Cir. 1980) (applying Massachusetts law), in which the deliberate misuse of a product similarly barred recovery. In Venezia, the plaintiff deliberately threw a glass beer bottle against a pole, and was injured when it shattered and rebounded. The court held that pursuant to Massachusetts law:
[T]he defendants cannot be held liable under a theory of negligent design or manufacture for injuries resulting from the deliberate misuse of their product in a manner so foreign from any proper use contemplated by them that it cannot, even by broad construction, be forced within the critical concept of “intended” or “ordinary” use.
Id. at 191 n.3. The same result obtains whether one treats the question as one of duty or one of proximate cause. Id.[1]
In this case, the evidence that the hot water heater deliberately was misused is derived from Brown’s guilty plea to the charges of assault and battery with a dangerous weapon, assault .and battery on a child under fourteen, and mayhem. A guilty plea is an admission of the material facts alleged in a complaint or indictment. Morrisey v. Powell, 302 Mass. 268, 269 (1939); Aetna Cas. & Sur. Co. v. Niziolek, 395 Mass. 737, 747 (1985). Even if Rheem could have foreseen that a minor could be scalded accidentally because of the defective design of one of its hot water heaters, Brown’s admission to a deliberate attack on Ashley provides Rheem with a complete defense.
Insofar as a guilty plea amounts to an admission of facts material in the trial of a civil case in which the person who so pled is a party, it is well established that it is admissible as evidence against him, although it is not conclusive. Morrisey, 302 Mass. at 268; Niziolek, 395 Mass. at 747. But such pleas also are admissible even if the person who so pled is not a party. Vega v. Crowley Am. Transport, Inc., 178 F.R.D. 351, 354-55 (D.P.R. 1998) (evidence that truck driver pled guilty to involuntary manslaughter admissible in civil suit by survivors of victims against his employer pursuant to federal hearsay exception for judgment of previous conviction, Fed.R.Evid. 803(22)).[2] See also De Vargs v. Panama Canal Co., 495 F.Sup. 779 (D.C.Z. 1980) (evidence that automobile driver pled guilty to reckless driving admitted without discussion in civil suit against his employer). Cf Flood v. Southland Corp., 33 Mass.App.Ct. 287, 294 (1992), vacated and remanded on other grounds, 416 Mass. 62 (1993) (trial judge erred in excluding Southland’s evidence that co-defendant plead guilty to assaulting plaintiff because plea was inconsistent with co-defendant’s position at trial).
*429 Ashley is entitled to explain Brown’s plea and why he may have entered it. Morrisey, 302 Mass. at 269. But in this case, Ashley has proffered no evidence that Brown entered the plea for any reason other than that he was guilty of the offenses of which he was charged. Nor has Ashley proffered any evidence admissible on a motion for summary judgment to show that Brown did not intend to scald her; hearsay is inadmissible pursuant to Mass.R.Civ.P. 56(c). See, e.g., Symmons v. O’Keeffe, 419 Mass. 288, 295 (1995). Summary judgment is rarely appropriate with respect to the merits of a negligence action. See, e.g., Foley v. Matulewicz, 17 Mass. App. 1004, 1005 (1984). In this case, however, because the deliberate misuse of a product — Rheem’s water heater — is a complete defense, and because Ashley has failed to allege specific facts showing that there is a genuine triable issue as to if the water heater was misused, Rheem is entitled to summary judgment.[3]
ORDER
In light of the foregoing, it is hereby ORDERED that the Defendant Rheem Manufacturing Company’s Motion for Summary Judgment should be, and it hereby is ALLOWED.

 The Venezia court also declined to expand the scope of the concept of “intended” use through the lens of “foreseeablity,” observing that “[o]ne who with the time and imagination of and aided by hindsight can no doubt conjure up all sorts of arguably ‘foreseeable’ misuses of a variety of otherwise reasonable safe products." Id. at 191.

 The Supreme Judicial Court adopted the principles of the parallel Proposed Mass.R.Evid. 803(22) in Flood v. Southland Corp., 416 Mass. 62, 70 (1993).

 Therefore, this court need not and does not consider whether Ashley can present sufficient expert evidence on causation.