**Ruth VERNET, et al., Plaintiff,**

**v.**

**Jorge Serrano TORRES, et al., Defendants.**

**Civil No.: 00–2559 (DRD).**

United States District Court, D. Puerto Rico.

Sept. 28, 2010.

Jorge M. Suro–Ballester, Jorge Miguel Suro Ballester Law Office, San Juan, PR,

Carlos A. Ruiz–Rodriguez, Carlos Alberto Ruiz Law Office, Caguas, PR, for Plaintiff.

Hector Benitez–Arraiza, Luis Martinez–Llorens Law Office, Luis G. Martinez–Llorens, Francisco E. Colon–Ramirez, Colon & Colon PSC, Ivan M. Fernandez, Ivan M. Fernandez Law Office, San Juan, PR, for Defendants.

## OPINION AND ORDER

DANIEL R. DOMINGUEZ, District Judge.

On December 29, 2010, the Court entered an *Opinion and Order* (Docket No. 176) granting at that time Plaintiffs' unopposed[1] request to proceed under a *culpa in vigilando* theory as neither this Court nor the First Circuit Court of Appeals had previously addressed the applicability of such a theory of liability to the instant case.[2] In that opinion, the Court refrained from deciding whether Plaintiffs could prevail on a *culpa in vigilando* theory in light of the language of *Lopez v. Porrata Doria,*

2006 TSPR 149, 2006 WL 2873349 (P.R. 2006), or whether Plaintiffs had pled sufficient facts to support a *culpa in vigilando* claim. Rather, the Court specified merely ruled that the claim was not precluded by the previous decisions of either this Court or the Court of Appeals.

On January 21, 2010, Defendant filed a *Motion to Dismiss Plaintiffs' Culpa In Vigilando Claim* (Docket No. 182). Therein, Defendant argues that the Court erred in allowing Plaintiffs to proceed on a *culpa in vigilando* theory as Plaintiffs argued that theory in their opposition to Defendant's previously granted motion to dismiss. Defendant argues that, although they did not directly address Plaintiffs' *culpa in vigilando* claim, this Court and the Court of Appeals both previously indirectly rejected this theory when ruling upon Plaintiffs' Article 1802 claims. Alternatively, Defendant asserts that Plaintiffs' *culpa in vigilando* claim must fail as *Lopez* is controlling precedent over all such

1. Plaintiffs filed their original informative motion (Docket No. 158) regarding the applicability of a *culpa in vigilando* theory on September 16, 2009. Plaintiffs then filed a *Motion for Clarification* (Docket No. 165), requesting that the Court allow them to proceed under such a theory, as neither the First Circuit nor this Court had previously ruled on the issue, on October 16, 2009. Defendant never opposed the motion. However, on December 18, 2009, the Court ordered Plaintiffs to re-file the motions (Docket No. 168), substituting English translations for Spanish language quotations, as well as English translations of the Spanish language materials upon which Plaintiffs relied. On December 23, 2009, Plaintiffs complied (Docket No. 170). As Defendant had failed to oppose the original motion and as the Court did not deny the motion, but merely requested translations in compliance with Local Rule 5(g), the Court did not afford Defendant an opportunity to oppose the motion when it was re-filed with the translations.

2. On September 30, 2007, the Court granted (Docket No. 145) a motion to dismiss (Docket No. 120) filed by Defendant. The Court held that, in light of the decision in *Lopez v. Porrata–Doria,* 2006 TSPR 149, 2006 WL 2873349 (P.R.2006), wherein the Supreme Court of Puerto Rico ruled that dram-shop liability does not extend to the host of an activity where alcohol is served, and in light of the settlement agreements reached with the other party to the case, the Court should dismiss Plaintiff's *Complaint.* The First Circuit affirmed in part and reversed in part this Court's decision (Docket No. 151). Specifically, the First Circuit affirmed this Court's dismissal of Plaintiff's Article 1802 claim for failure to implement reasonable measures to control the amount of alcohol available to its employees at a work party. However, the First Circuit reversed the District Court's dismissal of Plaintiffs' Article 1803 claim, finding that the settlement agreement with another Defendant did not extinguish this claim and that Plaintiff had stated a colorable 1803 claim.

cases, regardless of the theory under which Plaintiff proceeds.

On February 4, 2010, Plaintiffs filed their opposition to the motion to dismiss (Docket No. 183). Plaintiffs argue that the portions of Defendant's motion which allege that the District and Appeals Courts already ruled upon Plaintiffs' *culpa in vigilando* claims in reality constitute a motion for reconsideration as the Court already ruled on that issue (Docket No. 184). Further, Plaintiffs characterize the holding in *Lopez* as narrow, stating that it does not encompass their *culpa in vigilando* claims.

On March 1, 2010, Defendant filed its *Reply to "Plaintiffs' Opposition to Motion to Plaintiffs' in Vigilando Claim" at Docket No. 183* (Docket No. 190). Defendant first asserts that its motion to dismiss was authorized by the Court. Defendant then emphasizes its previous contention that both this Court and the First Circuit already ruled upon the *culpa in vigilando* claims.

Finally, on March 2, 2010, Plaintiffs filed a sur-reply (Docket No. 192). In that filing, Plaintiffs once again assert that neither this Court nor the First Circuit directly addressed their *culpa in vigilando* claims.

## I. SCOPE OF THE REMAND ON RECONSIDERATION

The primary focus of the pending motions relates to the scope of the First Circuit's remand and whether this Court or the First Circuit addressed Plaintiffs' *culpa in vigilando* claim, thus precluding Plaintiffs from proceeding under that theory of liability. This Court has already ruled on this issue, holding that neither the First Circuit nor this Court had addressed this theory previously. (Docket No. 176). Although the Court subsequently granted Defendant a period of time in which to file a motion to dismiss specifically addressing

the *culpa in vigilando* claim (Docket No. 181), the Court did not vacate this previous *Opinion and Order*. Rather, the Court merely offered Defendant the opportunity to address the substantive viability of Plaintiffs' *culpa in vigilando* claims, intending that Defendant would utilize a motion to dismiss standard and request reconsideration of the Court's decision regarding the scope of the remand only if necessary. Thus, the Court views Defendant's current arguments regarding the scope of the First Circuit's remand to this Court as a motion for reconsideration of its *Opinion and Order* allowing Plaintiffs to proceed with their *culpa in vigilando* claims.

Motions for reconsideration are generally considered under either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, depending on the time when such motion is served. *See Perez–Perez v. Popular Leasing Rental, Inc.*, 993 F.2d 281, 284 (1st Cir.1993). Thus, Rule 59 motions to amend or alter judgment must be filed within ten days of entry of judgment. FED. R. CIV. P. 59(e). On the other hand, Rule 60 motions for relief from a final judgment or order may be filed within a reasonable time. FED.R.CIV.P. 60(c).

It is settled that "[a] motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the district court prior to judgment." *Marks 3 Zet–Ernst Marks GmBh & Co. KG v. Presstek, Inc.*, 455 F.3d 7, 15–16 (1st Cir.2006). Thus, a motion for reconsideration cannot be used as a vehicle to re-litigate matters already litigated and decided by the Court. *See Standard Quimica De Venezuela v. Central Hispano Int'l, Inc.*, 189 F.R.D. 202,

204 n. 4 (D.P.R.1999). These motions are entertained by courts if they seek to correct manifest errors of law, present newly discovered evidence, or when there is an intervening change in law. *See Prescott v. Higgins,* 538 F.3d 32, 45 (1st Cir.2008); *see also Rivera Surillo & Co. v. Falconer Glass Indus., Inc.,* 37 F.3d 25, 29 (1st Cir.1994) (citing *F.D.I.C. v. World University, Inc.,* 978 F.2d 10, 16 (1st Cir.1992)). A motion for reconsideration is unavailable if said request simply brings a point of disagreement between the court and the litigant, or reargues matters already properly disposed of by the Court. *See e.g. Waye v. First Citizen's National Bank,* 846 F.Supp. 310, 314 n. 3 (M.D.Pa.1994).

Rule 60 of the Federal Rules of Civil Procedure provides federal courts with a mechanism for setting aside orders and judgments where certain requirements are met and where the motion for reconsideration is filed within a reasonable time. FED. R. CIV. P. 60(b). Subsections (1) through (5) of Rule 60(b) outline particular circumstances [3] where the court is allowed to set aside a final judgment. *See* FED. R. CIV. P. 60(b)(1)-(5). Subsection (6) of the Rule contains a catchall provision allowing the court to set aside a final judgment or order in a non-specified situation that justifies relief. FED. R. CIV. P. 60(b)(6)

■ It is well established that "Rule 60(b) provides for *extraordinary relief,* and a motion thereunder may be granted only under *exceptional circumstances." Aguiar–Carrasquillo v. Agosto–Alicea,* 445 F.3d 19, 27 (1st Cir.2006)(quoting *Lepore v. Vidockler,* 792 F.2d 272, 274 (1st Cir. 1986)) (emphasis ours). In this manner, the Court is provided with the discretion to relieve a party from a final judgment or order in the interests of justice where the circumstances are not encompassed within the first five subsections of the Rule. *Paul Revere Variable Annuity Insurance Co. v. Zang,* 248 F.3d 1, 5 (1st Cir.2001). Although the Court has "broad discretion to determine whether such circumstances exist ... the bar for such relief is set high because ... there must be an end to litigation someday." *Id.* at 5–6 (internal quotations omitted) (quoting *Valley Citizens for a Safe Environment v. Aldridge,* 969 F.2d 1315, 1317 (1st Cir.1992) and *Ackermann v. United States,* 340 U.S. 193, 198, 71 S.Ct. 209, 95 L.Ed. 207 (1950)).

■ In the instant case, Defendant asserts that, although neither the Court of Appeals nor this District Court directly addressed Plaintiffs' *culpa in vigilando* claims, they both indirectly rejected that theory in their opinions. Defendant further alleges that it was not provided a proper amount of time in which to respond to Plaintiffs' motions regarding the *culpa in vigilando* claims. Thus, two issues for reconsideration are before the Court. First, the Court must decide whether it

---

**3.** The grounds specified by Rule 60(b) which the Court may cite as its reason for granting reconsideration of a previous judgment or order are:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence could not have been uncovered in time to move for a new trial under Rule 59(b);

(3) fraud ... misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). In the instant case, the Court finds that Defendant has not shown that any of the first five enumerated circumstances exists; therefore, the Court will only analyze Defendant's request for reconsideration under Rule 60(b)(6).

erred when it entered its *Opinion and Order* regarding Plaintiffs' re-filed motion prior to the expiration of the traditional period for response. Next, the Court must decide whether reconsideration is merited based upon Defendant's present argument regarding the scope of the First Circuit's remand.

Plaintiffs filed an informative motion (Docket No. 158) regarding the *culpa in vigilando* theory on September 16, 2009, outlining their view that the *culpa in vigilando* claims survived the First Circuit's remand. One month later, on October 16, 2009, Plaintiffs filed a motion to clarify the informative motion (Docket No. 165), in which Plaintiffs further elaborated their reasons for believing that the *culpa in vigilando* claims survived. As the two motions requested one decision from the Court, the Court read them in conjunction, one with the other. Unfortunately, portions of the informative motion cited to and quoted from untranslated Spanish language material. Consequently, in accordance with Local Rule 5(g), the Court ordered [4] Plaintiffs to re-file the noncomplying material and, on December 23, 2009, Plaintiffs re-filed a version of the informative motion that complied with Local Rule 5(g). The Court entered its *Opinion and Order* on December 29, 2009.

On January 5, 2009, Defendant moved the Court for an extension of time to respond to the motion which was already decided in the December 29th *Opinion and Order* or, in the alternative, to file a motion for reconsideration. The Court granted that request in part, allowing Defendant to file the present motion to dismiss Plaintiffs' *culpa in vigilando* claims

and to file a motion for reconsideration of the order regarding the scope of the remand if necessary.

In the present motion for reconsideration, Defendant argues that the Court erred when it entered its *Opinion and Order* six days [5] after Plaintiff re-filed the informative motion with the appropriate translations. However, in the three months that passed between entry of the first informative motion and the Court's order to translate, Defendant never responded or objected to the motion, nor to the accompanying motion to clarify. Defendant cites no case law which stands for the proposition that the time in which to file responses to motions should be extended to situations where the Court orders a civil plaintiff to re-file an identical motion with appropriate translations as opposed to merely filing separate translations of Spanish language material elsewhere on the docket. Nowhere in this line of argumentation does the Court see the type of extraordinary circumstances which must be found in order to grant a motion for reconsideration under Rule 60(b)(6). Rather, it appears that Defendant is improperly attempting to correct its own failure to enter a timely objection to Plaintiffs' motions regarding their *culpa in vigilando* claims by requesting reconsideration of the Court's entry of a decision regarding Plaintiffs' motions. *See e.g. Marks 3 Zet-Ernst*, 455 F.3d at 15–16.

Further, in the *Opinion and Order* which the Court entered on December 29, 2010, the Court ruled upon Plaintiffs' *Motion for Clarification*, which was filed on October 16, 2009, not upon Plaintiffs' infor-

---

**4.** Although the Court included the motion to clarify in the order to translate and re-file as it read the two motions together, that motion did not contain Spanish language materials. Thus, no further versions of that motion were filed.

**5.** Local Rule 7(b) provides a time period of fourteen (14) days in which to file objections or responses to motions.

mative motion. The *Motion for Clarification* was neither timely opposed by Defendant, nor subsequently re-filed to comply with the Court's order regarding translations. Consequently, Defendant can not assert that the Court filed its decision regarding this motion prematurely as a period in excess of two months had passed since the motion was filed when the Court entered its *Opinion and Order*. Thus, the Court **DENIES** Defendant's motion to reconsider its previous *Opinion and Order* as to Plaintiffs' *culpa in vigilando* claims based upon an allegedly premature decision by the Court.

■ Defendant's second argument for reconsideration is that the Court erred when it found that Plaintiffs' *culpa in vigilando* claims were not outside the scope of the First Circuit's remand. Defendant theorizes that although neither the Court of Appeals nor this Court directly addressed Plaintiffs' *culpa in vigilando* claims in their opinions, they both indirectly rejected that theory of liability. However, Defendant provides no case law to support its contention that the Court erred in its decision regarding the scope of the remand. Further, as stated by the Court in its previous *Opinion and Order*, where a district court is confronted by an issue not specifically addressed by the remanding court of appeals, its duty is to address the issue itself. *See Biggins v. Hazen Paper Co.*, 111 F.3d 205, 209 (1st Cir.1997). Accordingly, the Court cannot find that Defendant has shown that exceptional circumstances meriting reconsideration exist here and thus **DENIES** Defendant's request for reconsideration of its *Opinion and Order* regarding the scope of the First Circuit's remand.

Further, Defendant also provided substantive arguments in support of dismissing Plaintiffs' *culpa in vigilando* claims, alleging that they are untenable. Thus,

the Court's decision not to grant reconsideration can not irreparably prejudice Defendant, as the Court has already granted it an additional opportunity to contest the viability of the *culpa in vigilando* claims. Defendant already availed itself of this opportunity when it addressed these claims in its motion to dismiss. Therefore, the Court proceeds to scrutinize the viability of these claims.

## II. VIABILITY OF CULPA IN VIGILANDO CLAIMS

In its motion to dismiss, Defendant challenged the fundamental viability of Plaintiffs' *culpa in vigilando* claims under Article 1803. Following a review of the filings related to the motion to dismiss, as well as Plaintiffs' previous motions regarding their *culpa in vigilando* claims, the Court extrapolates two issues which it must decide. First, the Court must decide whether *culpa in vigilando* liability under Article 1803 may exist in circumstance where it is not linked to a viable Article 1802 claim. If liability under Article 1803 may indeed exist without an Article 1802 claim, the Court must decide whether *Lopez* controls Plaintiffs' 1803 claims as well as their 1802 claims.

"Article 1802 is Puerto Rico's basic tort statute." *Ocasio v. Hogar Geobel, Inc.*, 693 F.Supp.2d 167, 176 (D.P.R.2008) (quoting *Matos Ortiz v. Comm. of Puerto Rico*, 103 F.Supp.2d 59, 63 (D.P.R.2000)). In pertinent part, the statute provides that "[a] person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." P.R. LAWS ANN. tit.31 § 5141.

■ Liability under Article 1802 is limited to personal acts and omissions; however, Article 1803 provides a cause of action against those who are vicariously

liable for the actor whose actions or omissions directly cause harm. *Morales v. Monagas,* Civ. 08–1703, 723 F.Supp.2d 416, 419, 2010 WL 2636021 at *3 (D.P.R. June 28, 2010); *Vega v. Crowley Am. Transp., Inc.,* 178 F.R.D. 351, 354 (D.P.R.1998); *Smith v. Williams Hosp. Mgt. Corp.,* 950 F.Supp. 436, 439 (D.P.R.1996). "The imposition of tort liability for the actions of a third party arise[ ] only under certain exceptional circumstances" and for a specifically enumerated group of persons. *Ocasio,* 693 F.Supp.2d at 178 (internal quote omitted). This group of persons includes employers, who are deemed "responsible for the negligent acts or omissions of their employees." *Vega,* 178 F.R.D. at 354. Specifically, the statute provides that:

> [t]he obligation imposed by [Article 1802] is demandable, not only for personal acts and omissions, but also for those of the persons for whom they should be responsible ... Owners or directors of an establishment or enterprise are likewise liable for any damages caused by their employees in the service of the branches in which the latter are employed or on account of their duties.

P.R. Laws Ann. tit.31 § 5142.

■ As an initial matter, the Court notes that, although it finds no English language case law[6] which directly states that an Article 1803 claim may exist where a plaintiff does not also allege a viable cause of action under Article 1802, the Court has encountered at least one case in this District where the Court has allowed a plaintiff to proceed with an 1803 claim where no 1802 claim was present. *See Vega,* 178 F.R.D. at 354. Thus, acting out of an abundance of caution, the Court finds that the answer to its first question is in the affirmative, and that a civil plaintiff may, generally speaking, pursue an 1803 claim for actions or omissions for which no 1802 cause of action is articulated.[7] Thus, the Court shall proceed to determine whether *Lopez* acts to block 1803 liability for Defendant, the business host of the event at which alcohol was served to an employee who proceeded to drive while intoxicated, causing the accident which gives rise to the instant action.

Although no official translation exists of the Puerto Rico Supreme Court's decision in *Lopez v. Porrata Doria,* parties submitted an undisputed certified translation of that case to the First Circuit as well as to this Court (Docket No. 208). The First Circuit extensively outlined the premise and holding of that case in its opinion affirming this Court's dismissal of Plaintiffs' 1802 claims; therefore, the Court shall merely paraphrase the First Circuit's findings that are relevant to the instant inquiry at this time. *See Vernet v. Serrano–Torres,* 566 F.3d 254, 258–60 (1st Cir. 2009).

The issue before the Court in *Lopez* "was whether, pursuant to Article 1802, a commercial establishment could be held liable 'for supplying alcoholic beverages to a person that is visibly intoxicated and who

---

**6.** The Court notes that Plaintiff cited jurisprudence in its submission at Docket No. 185 as to the existence of 1803 as a "primary and independent source of liability", particularly *Laureano Perez v. Soto,* 141 D.P.R. 77, 86–87 (1996) and *Lopez v. Porrata,* 156 D.P.R. 503, 512–13 (2002). However, Plaintiff only cited Spanish language versions of these cases. Accordingly, the Court strongly suggests that the cited cases be translated so that, upon review, the Court of Appeals shall not simply disregard them. *See e.g.* Local Rule 5(g); *see also Gonzalez–De–Blasini v. Family Dep't,* 377 F.3d 81, 88 (1st Cir.2004).

**7.** Although the Court makes this finding while acting out of an abundance of caution, it has not found any case law distinguishing cases where 1802 liability is sought and subsequently dismissed from cases where a plaintiff fails entirely to allege an 1802 cause of action.

afterward causes damages while driving an automobile under the influence of alcohol.'" *Id.* at 259 (quoting *Lopez*, Docket No. 208 at *1-2). In that case, the Supreme Court looked to comparative law sources in common law jurisdictions, particularly those of the United States, to determine the extent to which those jurisdictions imposed dram shop liability on "those who sold alcoholic beverages to intoxicated persons who subsequently caused injury.'" *Id.* (quoting *Lopez* at *17). Ultimately, the Puerto Rico Supreme Court singled out commercial vendors of alcohol for imposition of dram shop liability under Article 1802 for serving alcohol to persons who subsequently were involved in automobile accidents. *Id.* In reaching this decision, the Supreme Court emphasized the difference between commercial vendors, who reap direct economic benefit from the sale and consumption of alcohol and who can procure insurance, from social hosts. *Id.* Thus, the *Lopez* court expressly and emphatically limited "the duty of diligence to commercial sellers of alcoholic beverages." *Id.* Finally, the First Circuit noted that, even if the Supreme Court had intended to impose 1802 liability on Defendant in the instant case, who was a mere business host, as it only contemplated prospective liability, Defendant in the instant case would still not be liable here. *Id.* at 260.

As discussed by the *Lopez* court, common law jurisprudence in the United States jurisdictions that have contemplated liability for those who serve alcohol to parties who later cause harm typically distinguishes between commercial vendors of alcohol and social hosts. *See e.g. Lopez* at *22-23 (citing 2 Dan B. Dobbs, *The Law of*

*Torts* 900-2 (2001 & Suppl. 2005)). After analyzing the relevant common law jurisprudence, the *Lopez* court then followed the majority view, determining that "the duty of diligence when providing alcoholic beverages is **only** extended to public commercial establishments engaged in the sale of alcoholic beverages" and expressly choosing not to include social hosts in the group of persons liable under 1802. *Id.* at *27 (emphasis theirs).

Thus, as the First Circuit already found, Defendant in the instant case, who acted as a business host,[8] was not liable under 1802 for damages arising from an accident caused by its employee, who drove while intoxicated when leaving a party hosted by Defendant. *Vernet,* 566 F.3d at 259-60. However, Plaintiff now attempts to bypass the *Lopez* court's decision to limit liability to commercial vendors to the express exclusion of social and business hosts, as well at the *Lopez* court's decision to apply the rule in that case only prospectively, by bringing a *culpa in vigilando* claim against Defendant under 1803.

 Liability under a *culpa in vigilando* theory of negligence is imposed upon third persons for a lack of vigilance. *See Rivera Perez v. Carlo Aymat,* 4 P.R. Offic. Trans. 974, 104 D.P.R. 693 (P.R. 1976). Thus, a person who brings a claim under 1803 based upon a *culpa in vigilando* theory alleges that the defendant has breached its duty of supervision over the actor who directly caused the harm. *See Smith,* 950 F.Supp. at 439.

 Defendant has made no arguments for why a *culpa in vigilando* theory would be generally inapplicable to an employer under 1803; therefore, the Court's

---

8. As noted in a case cited by the *Lopez* court, business hosts are treated as social hosts for the purposes of imposing dram-shop liability where the business host does not receive a direct economic gain from furnishing alcohol-ic beverages to its guests. *McGee v. Alexander,* 37 P.3d 800, 804-05 (Ok.2001); *see also Thompson v. Trickle,* 114 Ill.App.3d 930, 70 Ill.Dec. 563, 449 N.E.2d 910, 911-912 (1983).

sole concern is whether it is appropriate, in light of *Lopez*, to extend liability to a business host, who bears no liability under 1802, via Article 1803 for a failure to monitor an intoxicated employee who caused an automobile accident while leaving a company party. The Court answers this question in the negative. The Court cannot interpret the case law in a manner indicating that the Puerto Rico Supreme Court would have so firmly limited the new rule of liability under 1802 for claims arising after the service of alcohol to commercial vendors only to retroactively allow business hosts, who traditionally fall within the group of persons who are not liable in these circumstances, to face liability under 1803. Further, such a decision would allow any plaintiff to bypass the emphatically prospective nature of the Article 1802 relief provided by the Supreme Court in any case where the provider of alcohol fell within the ambits of the group of persons who are vicariously liable under 1803. The opinion of the Commonwealth court strongly expresses the "unfair[ness]" of allowing retroactive effect of its ruling "in view of the difficulties of its application because of the lack of prior parameters and pronouncements by [that court]." *Lopez* at *39. Thus, the Court holds that, pursuant to the strong language clearly expressing limited liability under the *Lopez* precedent, no retroactive liability exists under 1803 for business hosts who are exempt from dram-shop liability under 1802. Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiffs' *culpa in vigilando* claims.[9]

---

9. The Court has engaged in an *"Erie* guess" as to Puerto Rican law. *See e.g. Whyte v. Conn. Mutual Life Ins. Co.*, 818 F.2d 1005, 1011 n. 22 (1st Cir.1987). Thus, the Court has discharged its responsibility under the "Biden Bill", formally known as the Civil Justice Reform Act, 28 U.S.C.A. § 471 *et seq.*, to decide matters within the time frame outlined by the statute and self-imposed by the

## III. CONCLUSION

For the reasons stated above, the Court hereby **GRANTS IN PART AND DENIES IN PART** Defendant's *Motion to Dismiss Plaintiffs' Culpa In Vigilando Claim* (Docket No. 182). Inasmuch as this motion represents a request for reconsideration of the Court's previous *Opinion and Order* (Docket No. 176), it is hereby **DENIED.** However, the portion of the motion which represents a motion to dismiss Plaintiffs' *culpa in vigilando* claims for substantive reasons is hereby **GRANTED.** Accordingly, the Court **DISMISSES WITH PREJUDICE** all Plaintiffs' *culpa in vigilando* claims. Plaintiffs' Article 1803 claims now proceed solely under a respondeat superior theory, as outlined by the First Circuit previously.

**IT IS SO ORDERED.**

court. However, because the remaining case can be absolutely disposed of under Commonwealth law without any pending federal interpretation, the better solution in this case might be to certify the matter to the Puerto Rico Supreme Court after assuring that the questions propounded by the First Circuit upon remand of the instant case, *Vernet*, 566 F.3d at 261–62, are answered.